■ SAUL FREEMAN et al., Plaintiffs, v DIAMOND CHEMICAL Co., INC., et al., Defendants and Third-Party Plaintiffs-Respondents, and INDEPENDENT CHEMICAL CORP., Defendant and Third-Party Defendant-Respondent. FREEMAN'S CIRCLE VALET, INC., Third-Party Defendant-Appellant. (And Another Third-Party Action.) [633 NYS2d 813] —In an action to recover damages for personal injuries, etc., based on negligence, strict liability, and breach of warranty, the third and fourth-party defendant Freeman's Circle Valet, Inc., appeals from an order of the Supreme Court, Westchester County (Coppola, J.), entered June 17, 1994, which denied its motion for summary judgment dismissing the third and fourth-party complaints and all cross-claims insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Freeman's Circle Valet, Inc. (hereinafter Freeman's Circle), is a dry cleaning business owned and operated by the injured plaintiff Saul Freeman and his brother Philip Freeman. On August 17, 1990, while the injured plaintiff was opening a container of ammonium hydroxide, some of the chemical splashed onto him, injuring him.

The defendant chemical companies commenced third and fourth-party actions against Freeman's Circle, the injured plaintiff's employer, alleging, *inter alia,* that it was negligent in failing to provide a safe place to work and in failing to provide proper storage for the chemicals in addition to alleging comparative negligence on the part of the injured plaintiff in the handling of the chemical.

Freeman's Circle moved to dismiss these third and fourth-party complaints contending that the rules of apportionment did not allow such actions where the culpable conduct of the employee was the only wrong imputed to the corporation. The Supreme Court denied the motion.

The appellant, Freeman's Circle, contends that its culpable conduct, if any, was the conduct of the injured plaintiff Saul Freeman, who was a principal and employee of the corporation and, as such, there was only one wrong committed. Therefore, a finding of fault as against it requiring it to indemnify or contribute to judgments against other parties should not be allowed. We disagree.

The Supreme Court correctly determined that there existed triable issues of fact as to whether Freeman's Circle was separately negligent with respect to the allegedly improper storage of the ammonium hydroxide *(see, Stroschine v Prudential-Bache Sec.,* 207 AD2d 828; *cf., Ruszkowski v Sears, Roebuck & Co.,* 188 AD2d 967). Balletta, J. P., Miller, O'Brien and Copertino, JJ., concur.