■ KRISTINE HAYES, Plaintiff, v CITY OF NEW YORK, Defendant, and ROUSE SI SHOPPING CENTER, INC., Defendant and Third-Party Plaintiff-Appellant. JUST SHIRTS STATEN ISLAND, LTD., Third-Party Defendant-Respondent. [720 NYS2d 362] —In an action to recover damages for personal injuries, the defendant third-party plaintiff Rouse Si Shopping Center, Inc., appeals from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated December 9, 1999, which (1) granted that branch of the motion of the third-party defendant, Just Shirts Staten Island, Ltd., for partial summary judgment dismissing its claim for indemnification, and (2), in effect, *sua sponte*, dismissed its claim for contribution.

Ordered that on the Court's own motion, that portion of the notice of appeal which purports to appeal as of right from so much of the order as, in effect, *sua sponte* dismissed the appellant's claim for contribution, is deemed to be a motion for leave to appeal from that portion of the order, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, that branch of the motion which was for partial summary judgment is denied, and the third-party complaint is reinstated; and it is further,

Ordered that the appellant is awarded one bill of costs.

The indemnification clause at issue only covers loss caused by the negligent acts of the tenant and/or its employees, and thus, it is enforceable under General Obligations Law § 5-321 (*cf., Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786, 795; *Kowalewski v North Gen. Hosp.,* 266 AD2d 114). Further, there exist triable issues of fact as to whether the plaintiff's employer was separately negligent for the happening of the occurrence (*see, Freeman v Diamond Chem. Co.,* 221 AD2d 413). Accordingly, the Supreme Court erred in dismissing the third-party complaint. Altman, J. P., Goldstein, McGinity and Schmidt, JJ., concur.