■ MILFORD BINK, Plaintiff, v F.C. QUEENS PLACE ASSOCIATES, LLC, et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant. INTERSTATE IRON WORKS CORP., Third-Party Defendant-Respondent. [813 NYS2d 94]—

In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated August 19, 2004, as denied their motion for summary judgment on the third cause of action of the third-party complaint for a judgment declaring that they are entitled to contractual indemnification from the third-party defendant, and for a determination of the amount of indemnification to which they are entitled.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment severing the third-party action and declaring that the defendants third-party plaintiffs are entitled to contractual indemnification from the third-party defendant, and for further proceedings in accordance herewith.

In this case, there was no showing that the owner of the subject premises, the defendant third-party plaintiff F.C. Queens Place Associates, LLC (hereinafter the owner), or the construction manager, the defendant third-party plaintiff FCR Construction Services, LLC (hereinafter the construction manager), exercised direction, control, or supervision over the work site.

They simply had a general supervisory role over the work of the subcontractors. Although an employee of the construction manager testified at his deposition that the construction manager made daily inspections of the work site, and would stop work that failed to comply with accepted safety standards, these duties were not a sufficient basis to preclude the owner from obtaining summary judgment on its contractual indemnification claim (*see Warnitz v Liro Group,* 254 AD2d 411 [1998]; *Torres v Morse Diesel Intl., Inc.,* 14 AD3d 401 [2005]).

Moreover, the indemnification provision at issue does not run afoul of General Obligations Law § 5-322.1, since it authorizes indemnification "to the fullest extent permitted by applicable law" (*see Murphy v Columbia Univ.,* 4 AD3d 200, 202 [2004]).

Accordingly, the Supreme Court should have granted the motion of the defendants third-party plaintiffs for summary judgment on their cause of action for a judgment declaring that they are entitled to contractual indemnification from the third-party defendant. Accordingly, we remit the matter to the Supreme Court, Kings County, for the entry of an appropriate judgment in the third-party action (*see Lanza v Wagner,* 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]), and for a hearing to determine the amount of indemnification to which the defendants third-party plaintiffs are entitled. Miller, J.P., Mastro, Fisher and Lunn, JJ., concur.