[898 NE2d 549, 869 NYS2d 366]

STEPHEN J. BROOKS et al., Plaintiffs, v JUDLAU CONTRACTING, INC., Defendant and Third-Party Plaintiff-Appellant. THUNDERBIRD CONSTRUCTORS, INC., Third-Party Defendant-Respondent.

Argued September 4, 2008; decided October 21, 2008

**POINTS OF COUNSEL**

*Wilson, Elser, Moskowitz, Edelman & Dicker LLP,* Chicago, Illinois (*Melissa A. Murphy-Petros* of counsel), and *Wilson, Elser, Moskowitz, Edelman & Dicker LLP,* New York City (*Richard E. Lerner* of counsel), for defendant and third-party plaintiff-appellant. I. This Court has subject matter jurisdiction to review the order from which the Appellate Division granted leave to appeal. (*Burke v Crosson,* 85 NY2d 10; *Barile v Kavanaugh,* 67 NY2d 392.) II. Questions of statutory interpretation are reviewed de novo. (*Matter of Beekman Hill Assn. v Chin,* 274 AD2d 161; *Fleming v Graham,* 10 NY3d 296.) III. Partial contractual indemnification provisions, such as that between Judlau Contracting, Inc. and Thunderbird Constructors, Inc. here, are valid and fully enforceable under General Obligations Law § 5-322.1. (*Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786; *Lesisz v Salvation Army,* 40 AD3d 1050; *Dutton v Pankow Bldrs.,* 296 AD2d 321, 99 NY2d 511; *107 W. Apt. Corp. v K & J Restoration, Inc.,* 19 Misc 3d 1106[A], 2008 NY Slip Op 50570[U]; *Rhodes-Evans v 111 Chelsea LLC,* 44 AD3d 430; *Jackson v City of New York,* 38 AD3d 324; *O'Connor v William Metrose Ltd. Bldr./Dev.,* 38 AD3d 1207; *D'Allessandro v Lucent Tech.,* 16 Misc 3d 1125[A], 2007 NY Slip Op 51579[U]; *Murphy v Columbia Univ.,* 4 AD3d 200; *Madeira v Affordable Hous. Found., Inc.,* 315 F Supp 2d 504.) IV. General Obligations Law § 5-322.1's legislative history supports enforcement of partial contractual indemnification provisions: the purpose of the statute is payment of damages according to fault. (*Burgos v 213 W. 23rd St. Group LLC,* 48 AD3d 283; *Quevedo v City of New York,* 56 NY2d 150; *County of Onondaga v Penetryn Sys.,* 84 AD2d 934; *Brown v Two Exch. Plaza Partners,* 76 NY2d 172; *Itri Brick*

*& Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786.) V. The enforcement of partial contractual indemnification provisions is consistent with the principles of common-law contribution. (*Dole v Dow Chem. Co.,* 30 NY2d 143; *Glaser v Fortunoff of Westbury Corp.,* 71 NY2d 643; *Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559; *Fleming v Graham,* 10 NY3d 296; *Carriere v Whiting Turner Contr.,* 299 AD2d 509; *Robinson v City of New York,* 8 Misc 3d 1012[A], 2005 NY Slip Op 51067[U], 22 AD3d 293; *God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP,* 6 NY3d 371.)

*Cerussi & Spring,* White Plains (*Peter Riggs* of counsel), for third-party defendant-respondent. I. Where, as here, the indemnification agreement purports to require indemnification of a partially negligent party, General Obligations Law § 5-322.1 renders the agreement void and unenforceable. (*Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786; *Brown v Two Exch. Plaza Partners,* 76 NY2d 172; *Smith v Xaverian High School,* 270 AD2d 246; *National Union Fire Ins. Co. of Pittsburgh, Pa. v State Ins. Fund,* 266 AD2d 518.) II. The express terms of the indemnification agreement between Judlau Contracting, Inc. and Thunderbird Constructors, Inc. require indemnification for Judlau's negligence. (*Levine v Shell Oil Co.,* 28 NY2d 205; *Liff v Consolidated Edison Co. of N.Y.,* 29 AD2d 665, 23 NY2d 854; *Drzewinski v Atlantic Scaffold & Ladder Co.,* 70 NY2d 774; *Walsh v Morse Diesel,* 143 AD2d 653; *Velez v Tishman Foley Partners,* 245 AD2d 155.) III. The indemnification provision at issue contains no terms expressly excluding indemnification for Judlau Contracting, Inc.'s negligence. (*Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786; *County of Onondaga v Penetryn Sys.,* 84 AD2d 934, 56 NY2d 726; *Brown v Two Exch. Plaza Partners,* 146 AD2d 129, 76 NY2d 172; *National Union Fire Ins. Co. of Pittsburgh, Pa. v State Ins. Fund,* 266 AD2d 518.) IV. To construe the phrase "to the fullest extent permitted by law" as implying that the negligence of the promisee should be excluded, so as to salvage an indemnification provision that would otherwise violate General Obligations Law § 5-322.1, would be contrary to the legislative intent. (*Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786.) V. The cases cited by Judlau Contracting, Inc. generally do not support enforcement of partial indemnification based solely upon the phrase "to the fullest extent permitted by law." (*Murphy v Columbia Univ.,* 4 AD3d 200; *107 W. Apt. Corp. v K & J Restoration,* 19 Misc 3d 1106[A], 2008 NY Slip Op 50570[U]; *Rhodes-Evans v 111 Chelsea LLC,* 44 AD3d 430; *Jackson v City*

*of New York,* 38 AD3d 324; *O'Connor v William Metrose Ltd. Bldr./Dev.,* 38 AD3d 1207; *D'Allessandro v Lucent Tech.,* 16 Misc 3d 1125[A], 2007 NY Slip Op 51579[U]; *Madeira v Affordable Hous. Found., Inc.,* 315 F Supp 2d 504; *Reilly v Newireen Assoc.,* 303 AD2d 214; *Balladares v Southgate Owners Corp.,* 40 AD3d 667; *Reynolds v County of Westchester,* 270 AD2d 473; *Dutton v Pankow Bldrs.,* 99 NY2d 511.)

**OPINION OF THE COURT**

CIPARICK, J.

This appeal asks us to determine the question left open in *Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.* (89 NY2d 786 [1997]) as to whether section 5-322.1 of the General Obligations Law allows a general contractor—who has been found to be partially at fault—to enforce an indemnification provision against its subcontractor for that portion of damages attributable to the negligence of the subcontractor. We conclude that the statute does permit a partially negligent general contractor to seek contractual indemnification from its subcontractor so long as the indemnification provision does not purport to indemnify the general contractor for its own negligence. As such, the provision is enforceable and does not violate General Obligations Law § 5-322.1.[1]

An action for damages was brought by plaintiff, Stephen J. Brooks, an ironworker, against general contractor, Judlau Contracting, Inc., for injuries sustained on the job while employed by subcontractor, third-party defendant Thunderbird Constructors, Inc. The construction project involved the renovation and restoration of a highway overpass. Upon grabbing onto a perimeter safety cable installed by defendant, Judlau, the cable came loose causing plaintiff to fall 18 feet to the pavement below and sustain injury. Judlau asserted a third-party claim for contractual indemnification against Thunderbird. The action was bifurcated—a damages trial as to the underlying tort was

---

1. General Obligations Law § 5-322.1 (1) provides that:
   "[a] covenant, promise, agreement or understanding in, or in connection with . . . a contract or agreement relative to the construction, alteration, repair or maintenance of a building . . . purporting to indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to persons or damage to property contributed to, caused by or resulting from the negligence of the promisee, his agents or employees, or indemnitee, whether such negligence be in whole or in part, is against public policy and is void and unenforceable."

tried by a jury and the third-party contractual indemnification claim by the court. Following trial, Supreme Court granted Thunderbird's motion for a directed verdict dismissing Judlau's third-party claim holding that Judlau's installation of the safety cable in an "ineffective and unsafe manner" was a substantial factor in causing plaintiff's accident, that Judlau was accordingly actively negligent "at least to some degree" and that such negligence foreclosed Judlau's entitlement to contractual indemnification from Thunderbird.

The Appellate Division affirmed the dismissal of Judlau's third-party complaint against Thunderbird (39 AD3d 447 [2007]). It held that General Obligations Law § 5-322.1 bars contractual indemnification and that the contractual provision at issue was unenforceable, and further that the evidence in the underlying tort action established that Judlau negligently installed a safety cable causing plaintiff's injury. The court certified a question of law as to whether its order was properly made insofar as it affirmed the dismissal of the third-party claim for contractual indemnification. We now reverse and answer the question in the negative.[2]

There appears to be no dispute that Judlau is prohibited from filing a common-law contribution claim against Thunderbird because Thunderbird is plaintiff's employer and plaintiff did not sustain a grave injury within the meaning of Workers' Compensation Law § 11. Judlau asserts, however, that a claim for contractual indemnification lies since Thunderbird's negligence also contributed to plaintiff's injuries in that Thunderbird, having control of the workplace, failed to provide plaintiff with the necessary safety equipment to prevent his fall.

Unlike the indemnification provisions voided in *Itri Brick*, enforcement of the indemnification provision currently before us will not result in Judlau being indemnified for its own acts of negligence; rather, it is being indemnified only for those acts attributable to the subcontractor, Thunderbird. The indemnification provision of the agreement provides that

> "[t]he Contractor shall not be liable for any loss or casualty incurred or caused by or to the Subcontractor. The Subcontractor shall maintain full and complete insurance on its work until final accep-

---

**2.** Only an appeal from the dismissal of the third-party claim is before us. The direct action was remitted to Supreme Court for a new trial and has since settled for $3 million.

tance of the General Contract. The Subcontractor assumes all risk of loss for all of its work regardless of whether the Subcontractor had previously been paid for it. The Contractor is not responsible to provide any protective service for the Subcontractor's benefit. The Subcontractor shall, to the fullest extent permitted by law, hold the Contractor and the Owner, their agents, employees and representatives harmless from any and all liability, costs, damages, attorneys' fee, and expenses from any claims or causes of action of whatever nature arising from the Subcontractor's work, including all claims relating to its subcontractors, suppliers or employees, or by reason of any claim or dispute of any person or entity for damages from any cause directly or indirectly relating to any action or failure to act by the Subcontractor, its representatives, employees, subcontractors, or suppliers. The Subcontractor acknowledges that specific consideration has been received by it for this Indemnification."

Contrary to Thunderbird's assertion, this provision does not violate General Obligations Law § 5-322.1 as it does not require Thunderbird to indemnify Judlau for its own negligence. The provision is clear, obligating Thunderbird to indemnify Judlau only when it is shown that damages were caused by Thunderbird's own negligence.[3]

As we stated in *Itri Brick*, the Legislature enacted General Obligations Law § 5-322.1 in order to

"prevent a prevalent practice in the construction industry of requiring subcontractors to assume liability by contract for the negligence of others. The Legislature concluded that such 'coercive' bidding requirements unnecessarily increased the cost of construction by limiting the number of contractors able to obtain the necessary hold harmless insurance, and unfairly imposed liability on subcontractors for the negligence of others over whom they

---

**3.** *See TAG 380, LLC v ComMet 380, Inc.*, 10 NY3d 507, 512-513 (2008) ("it is a basic contract principle that 'when parties set down their agreement in a clear, complete document, their writing should . . . be enforced according to its terms' "), quoting *Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 (2004), quoting *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 (1990).

had no control. The agreements also needlessly created expensive double coverage for hold harmless or general liability insurance" (89 NY2d at 794).

Since "[o]ne should not be held to answer for the wrongful acts of another unless he is in the insurance business, assuming risks in return for payment of premiums" (Sponsor's Mem, Bill Jacket, L 1981, ch 964, 1981 NY Legis Ann, at 502), for us to hold today that a partially negligent general contractor may never seek contractual indemnification for the wrongful actions attributable to its subcontractor would leave the general contractor liable for the negligent actions of its subcontractor. Such an outcome would be contrary to the intent of General Obligations Law § 5-322.1 that payment of damages be made according to fault.

Thunderbird asserts that the language "to the fullest extent permitted by law" broadens the subcontractor's liability to require full contractual indemnification, which includes indemnification for Judlau's negligence and is thus rendered void by General Obligations Law § 5-322.1. We disagree. That language contemplates partial indemnification and is intended to limit Thunderbird's contractual indemnity obligation solely to Thunderbird's own negligence.

Our holding that the phrase "to the fullest extent permitted by law" limits rather than expands a promisor's indemnification obligation is supported by the holdings of other courts that have likewise held that such phrases create a partial indemnification obligation on behalf of the subcontractor promisor.[4] Recognizing that these precedents are not binding on us—and that there likewise are many decisions negating partial indemnification—we adopt the broader interpretation as the more sound. Indeed, there is no language within General Obliga-

---

4. *See Dutton v Pankow Bldrs.*, 296 AD2d 321, 322 (1st Dept 2002) (phrases " 'to the fullest extent permitted by applicable law' " and " 'regardless of whether [the general contractor is] partially negligent . . . exclud[ing] only liability created by the [general contractors's] sole and exclusive negligence' " enforceable); *Murphy v Columbia Univ.*, 4 AD3d 200, 202 (1st Dept 2004) (obligation was " 'to the fullest extent permitted by applicable law' "); *Jackson v City of New York*, 38 AD3d 324, 324 (1st Dept 2007) (same); *Lesisz v Salvation Army*, 40 AD3d 1050, 1051 (2d Dept 2007) (same); *Balladares v Southgate Owners Corp.*, 40 AD3d 667, 671 (2d Dept 2007) (same); *Bink v F.C. Queens Place Assoc., LLC*, 27 AD3d 408, 409 (2d Dept 2006) (same); *Madeira v Affordable Hous. Found., Inc.*, 315 F Supp 2d 504, 508-509 (SD NY 2004) (contractual indemnification language " '[t]o the fullest extent permitted by law' " and " 'to the extent caused in whole or part by the Subcontractor' " is enforceable).

tions Law § 5-322.1 that prevents partial indemnification provisions such as the one currently before us from being enforced in a case where it is shown that both a general contractor and its subcontractor are joint tortfeasors.

Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, appellant Judlau's third-party complaint against third-party defendant Thunderbird should be reinstated and this case remitted to Supreme Court for further proceedings in accordance with this opinion, and the certified question answered in the negative.

Chief Judge KAYE and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order, insofar as appealed from, reversed, etc.