■ JAMES OSTUNI, Respondent, v TOWN OF INLET, Defendant and Third-Party Plaintiff-Appellant. SMITH CONSTRUCTION, LLC, Third-Party Defendant-Respondent. [881 NYS2d 678]—

Malone Jr., J. Appeal from an order of the Supreme Court (Giardino, J.), entered March 31, 2008 in Hamilton County, which, among other things, denied defendant's motion for summary judgment on its contractual indemnification claim against third-party defendant.

Defendant contracted with third-party defendant, Smith Construction, LLC, to build a salt and sand storage facility in the Town of Inlet, Hamilton County. Although the contract provided that Smith was generally responsible for the construction and its supervision, defendant agreed to perform the excavation, backfill and foundation work for the project. The contract also contained an indemnification clause in favor of defendant that forms the basis of this appeal.

During the course of construction, plaintiff, an employee of Smith, fell to the ground while attempting to descend a ladder that had been used by workers to access the building's roof. Seeking to recover for his injuries, he commenced an action against defendant pursuant to Labor Law §§ 200, 240 and 241. Defendant then impleaded Smith, asserting its right to indemnification under the contract. Thereafter, defendant moved for summary judgment dismissing plaintiff's Labor Law § 200 claim and granting it contractual indemnification from Smith.

Plaintiff cross-moved for partial summary judgment on his Labor Law § 240 claim. Supreme Court granted plaintiff's cross motion and denied defendant's motion for summary judgment dismissing plaintiff's Labor Law § 200 claim as academic in light of its disposition on the Labor Law § 240 claim. The court also denied defendant's motion for summary judgment on its indemnification claim against Smith, reasoning that the indemnification clause violated General Obligations Law § 5-322.1 (1) such that it would be enforceable only if defendant were found not to have been actively negligent. The court then found that triable issues of fact remained with respect to that question and that summary judgment was therefore inappropriate. Defendant now appeals.*

General Obligations Law § 5-322.1 (1) voids indemnification clauses in construction contracts that "purport[ ] to indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to persons . . . contributed to, caused by or resulting from the negligence of the promisee . . . whether such negligence be in whole or in part." Here, had the indemnification clause required Smith to indemnify defendant for injuries arising out of defendant's own negligence, it would indeed violate General Obligations Law § 5-322.1 (1) and would thus be enforceable only in the event that defendant was free from active negligence, its liability instead being merely imputed or vicarious (*see Potter v M.A. Bongiovanni, Inc.*, 271 AD2d 918, 918-919 [2000]; *Severino v Schuyler Meadows Club*, 225 AD2d 954, 956-957 [1996]). However, because the indemnification clause at issue here, by its plain terms, does not violate General Obligations Law § 5-322.1 (1), we now modify by granting defendant's motion for summary judgment on its contractual indemnification claim.

The clause requires Smith to indemnify defendant for "damages, losses, and expenses . . . but only to the extent caused in whole or in part by negligent acts or omissions of [Smith]." Such partial indemnification agreements do not indemnify the promisee for losses attributable to the promisee's own negligence and therefore do not run afoul of the statute (*see Brooks v*

---

* Although the notice of appeal states that defendant challenges "each and every part" of Supreme Court's order, its brief addresses only the court's denial of its motion for summary judgment on its claim for contractual indemnification. Defendant has therefore abandoned any argument that the court improperly granted plaintiff's cross motion for summary judgment on his Labor Law § 240 claim and denied as academic defendant's motion for summary judgment dismissing the Labor Law § 200 claim (*see Thurman v United Health Servs. Hosps., Inc.*, 39 AD3d 934, 937 [2007], *lv denied* 9 NY3d 807 [2007]).

*Judlau Contr., Inc.*, 11 NY3d 204, 207-211 [2008]; *Hayes v City of New York*, 279 AD2d 610 [2001]; *Kowalewski v North Gen. Hosp.*, 266 AD2d 114, 114-115 [1999]; *cf. Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 796 [1997]). In addition, the clause obligates Smith to indemnify defendant only "[t]o the fullest extent permitted by law." This limiting language alone operates to insulate the clause from the ambit of General Obligations Law § 5-322.1 (1) (*see Brooks v Judlau Contr., Inc.*, 11 NY3d at 210 and n 4; *Bink v F.C. Queens Place Assoc., LLC*, 27 AD3d 408, 409 [2006]). Accordingly, Supreme Court should have granted defendant's motion for summary judgment on its claim for contractual indemnification from Smith, and this matter must be remitted for an apportionment hearing to determine the amount of indemnification to which defendant is entitled (*see Bink v F.C. Queens Place Assoc., LLC*, 27 AD3d at 409).

Mercure, J.P., Rose, Stein and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment on its cause of action against third-party defendant for contractual indemnification; motion granted and summary judgment awarded to defendant to said extent, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.