Ramirez v Almah, LLC (2019 NY Slip Op 01153)





Ramirez v Almah, LLC


2019 NY Slip Op 01153


Decided on February 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2019

Friedman, J.P., Sweeny, Webber, Kahn, Kern, JJ.


8411 305821/11

[*1]Hiram Ramirez, Plaintiff,
v
Almah, LLC, Defendant.
Almah LLC, Third-Party Plaintiff-Appellant,
v
Structure Tone, et al., Third-Party Defendants-Respondents.
Almah LLC, Second Third-Party Plaintiff-Appellant,
v
Plumb Door of New York City, Inc., also known as Plumb Door N.Y., Second Third-Party Defendant-Respondent.


McGaw, Alventosa & Zajac, Jericho (Ross P. Masler of counsel), for appellant.
Cornell Grace, P.C., New York (Keith D. Grace of counsel), for Structure Tone, respondent.
Havkins Rosenfeld Ritzert & Varriale, LLP, Mineola (Gail L. Ritzert of counsel), for Port Morris Tile & Marble Corp., respondent.
McMahon, Martine & Gallagher, LLP, Brooklyn (Andrew D. Showers of counsel), for Plumb Door of New York City, Inc., respondent.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about April 6, 2018, which, insofar as appealed from as limited by the briefs and stipulation, granted the motion by third-party defendant Plumb Door of New York City, Inc. a/k/a Plumb Door N.Y. (Plumb Door) for summary judgment dismissing defendant's contractual and common-law indemnification and contribution claims against it, granted the motion by third-party defendant Port Morris Tile & Marble Corp. (Port Morris) for summary judgment dismissing defendant's contractual indemnification claims against it, and granted third-party defendant Structure Tone's motion for summary judgment dismissing defendant's common-law indemnification and contribution claims against it, unanimously modified, on the law, to deny the motions by Port Morris and Plumb Door for summary judgment dismissing defendant's contractual indemnification claims against them, and otherwise affirmed, without costs.
Plaintiff was employed by Port Morris as a truck driver and was required to unload construction materials from his truck in the loading dock of a building owned by defendant, then transport them on pallet jacks and skids through a vestibule and onto freight elevators to be taken to a construction site on the 41st floor of the building. The only path from the loading dock to [*2]the vestibule was through a set of two swinging doors, installed by Plumb Door on October 18, 2010. While plaintiff and his coworker were attempting to move an empty pallet jack through the doors to the loading dock after delivering materials, plaintiff was allegedly struck by one of the swinging doors. He admitted that he had not previously observed any problem with the doors.
The court should have denied the summary judgment motions by Port Morris and Plumb Door seeking dismissal of defendant's contractual indemnification claims against them. Contractual provisions broadly require those third-party defendants to indemnify defendant for claims arising from the performance of their work. Plaintiff's accident arose from his performance of his work as an employee of Port Morris (see e.g. Brown v Two Exch. Plaza Partners, 76 NY2d 172, 178 [1990]), and Plumb Door installed the allegedly defective door less than two months before the accident. The extent of the indemnification will depend on the extent to which defendant's negligence is found to have proximately caused the accident (see Cuomo v 53rd & 2nd Assoc., LLC, 111 AD3d 548 [1st Dept 2013]). Since the indemnification provisions are limited to the extent of the law, defendant may be entitled to indemnification even if it is found partially negligent (see Brooks v Judlau Contr., Inc., 11 NY3d 204 [2008]).
We decline to review Plumb Door's unpreserved challenge to the validity of its indemnification agreement, which is not a purely legal argument clear from the face of the record but depends on facts not brought to defendant's attention below (see Caminiti v Extell W. 57th St. LLC, 166 AD3d 440, 441 [1st Dept 2018]).
The court properly granted the motions by Structure Tone and Plumb Door for summary judgment dismissing the common-law indemnification and contribution claims against them. "[A] party cannot obtain common-law indemnification unless it has been held to be vicariously liable without proof of any negligence ... on its own part" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 377-378 [2011]), and the only claims ever asserted against defendant sought to hold it liable for its own negligence rather than vicariously liable (see e.g. Nieves-Hoque v 680 Broadway, LLC, 99 AD3d 536 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 14, 2019
CLERK