Feliz v Citnalta Constr. Corp. (2023 NY Slip Op 03224)

Feliz v Citnalta Constr. Corp.

2023 NY Slip Op 03224

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-03327
2020-05907
 (Index No. 505238/13)

[*1]Galbel Feliz, plaintiff, 
v
Citnalta Construction Corp., defendant third-party plaintiff-respondent, et al., defendant third-party defendant; LJC Dismantling Corp., third-party defendant-appellant, et al., third-party defendant.

Gordon Rees Scully Mansukhani, LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Anthony F. DeStefano and Ryan E. Dempsey], of counsel), for third-party defendant-appellant.
Farber Brocks & Zane LLP, Garden City, NY (Lester Chanin of counsel), for defendant third-party plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, and a third-party action, inter alia, for contractual indemnification, the third-party defendant LJC Dismantling Corp. appeals from (1) an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated January 28, 2020, and (2) an order and judgment (one paper) of the same court dated July 14, 2020. The order, insofar as appealed from, granted the cross-motion of the defendant third-party plaintiff, in effect, for summary judgment on the third-party cause of action for contractual indemnification insofar as asserted against the third-party defendant LJC Dismantling Corp. to the extent it sought indemnification for 50% of the amount paid to the plaintiff. The order and judgment, insofar as appealed from, granted the same relief to the defendant third-party plaintiff, and is in favor of the defendant third-party plaintiff and against the third-party defendant LJC Dismantling Corp. in the principal sum of $1,950,000.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant third-party plaintiff.
The appeal from the order must be dismissed because the portion of that order appealed from was superseded by the order and judgment. The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (see Christopulos v Christopulos, 209 AD3d 970).
On July 26, 2013, the plaintiff, an employee of LJC Dismantling Corp. (hereinafter LJC), allegedly was injured while performing demolition work at a construction project in Staten [*2]Island when a lead sprinkler pipe fell on him. In September 2013, the plaintiff commenced this action to recover damages for personal injuries against Citnalta Construction Corp. (hereinafter Citnalta), the general contractor for the project, and STV Construction, Inc. (hereinafter STV), the construction manager for the project. Citnalta then commenced a third-party action, inter alia, for contractual indemnification against, among others, LJC and STV.
In an order dated September 27, 2017, the Supreme Court, inter alia, granted a cross-motion by the plaintiff for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). In 2018, after a jury trial on the issue of apportionment of fault among the defendants, the jury found, among other things, that Citnalta and LJC were each 50% at fault in the happening of the accident. The parties and their insurers subsequently entered into a settlement agreement providing, insofar as relevant here, that the plaintiff was entitled to the sum of $3,900,000, to be paid by Citnalta and LJC together.
In May 2018, Citnalta cross-moved, in effect, for summary judgment on the third-party cause of action for contractual indemnification insofar as asserted against LJC to the extent it sought indemnification for 50% of the $3,900,000 settlement amount paid to the plaintiff. Citnalta contended that 50% of the settlement amount represented the portion of the settlement not attributable to its own negligence. In an order dated January 28, 2020, the Supreme Court, inter alia, granted Citnalta's cross-motion. On July 14, 2020, the court issued an order and judgment, among other things, in favor of Citnalta and against LJC in the principal sum of $1,950,000, representing 50% of the $3,900,000 settlement amount paid to the plaintiff. LJC appeals.
"'A party's right to contractual indemnification depends upon the specific language of the relevant contract'" (Keller v Rippowam Cisqua Sch., 208 AD3d 654, 655, quoting Gurewitz v City of New York, 175 AD3d 658, 664; see O'Donnell v A.R. Fuels, Inc., 155 AD3d 644, 645). General Obligations Law § 5-322.1 "permit[s] a partially negligent general contractor to seek contractual indemnification from its subcontractor so long as the indemnification provision does not purport to indemnify the general contractor for its own negligence" (Brooks v Judlau Contr., Inc., 11 NY3d 204, 207).
Here, Citnalta established, prima facie, that it was entitled to contractual indemnification from LJC for 50% of the $3,900,000 settlement amount paid to the plaintiff. The indemnification provision at issue providing for indemnification "to the fullest extent permitted by law" did not purport to indemnify Citnalta for its own negligence, but rather limited indemnification to the percentage of fault not attributable to Citnalta. Thus, the indemnification provision did not violate General Obligations Law § 5-322.1 and was enforceable (see Brooks v Judlau Contr., Inc., 11 NY3d at 208-209; Zong Wang Yang v City of New York, 207 AD3d 791, 797). In opposition to Citnalta's prima facie showing of entitlement to judgment as a matter of law, LJC failed to raise a triable issue of fact.
LJC's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted Citnalta's cross-motion, in effect, for summary judgment on the third-party cause of action for contractual indemnification insofar as asserted against LJC to the extent it sought indemnification for 50% of the amount paid to the plaintiff.
DUFFY, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court