**Keys v City of New York**

2023 NY Slip Op 34565(U)

December 27, 2023

Supreme Court, New York County

Docket Number: Index No. 156867/2018

Judge: Richard Latin

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. RICHARD LATIN** | PART **46M** |
| *Justice* | |

-----------------------------------------------------------------------------X

KEVIN KEYS,

                Plaintiff,

- v -

THE CITY OF NEW YORK, VOLUNTEERS OF AMERICA-
GREATER NEW YORK, INC.,DEPARTMENT OF
HOMELESS SERVICES, RICHARDS PLUMBING AND
HEATING CO.,

                Defendant.

-----------------------------------------------------------------------------X

RICHARDS PLUMBING AND HEATING CO.

                Plaintiff,

-against-

RVS CONSTRUCTION CORP

                Defendant.

-----------------------------------------------------------------------------X

THE CITY OF NEW YORK

                Plaintiff,

-against-

RVS CONSTRUCTION CORP

                Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156867/2018 |
| MOTION DATE | 09/22/2023 |
| MOTION SEQ. NO. | 008 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595045/2019

Second Third-Party
Index No. 595770/2021

The following e-filed documents, listed by NYSCEF document number (Motion 008) 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 360, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382

were read on this motion to/for                 JUDGMENT – SUMMARY       .

**156867/2018 KEYS, KEVIN vs. CITY OF NEW YORK**
**Motion No. 008**

**Page 1 of 5**

1 of 5

[* 1]

Upon the foregoing documents, it is ordered that defendants/third-party plaintiff Richards Plumbing and Heating Co. ("Richards") and defendant/second third-party plaintiff City of New York's motion for summary judgment is determined as follows:

Plaintiff commenced this action to recover for injuries stemming from an incident where he fell into an unprotected, uncovered, and unsecured portion of a trench where he was working as a laborer on a construction site located at 22 E. 119th Street, New York, New York on January 16, 2018. With this motion Richards and the City of New York seek summary judgment on their contractual indemnification claims against third-party defendant RVS Construction Corp. ("RVS").

The proponent of a summary judgment motion has the burden of submitting evidence in admissible form demonstrating the absence of any triable issues of fact and establishing entitlement to judgment as a matter of law (*see Giuffrida v Citibank Corp.*, 100 NY2d 72 [2003]; *see also Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Only when the movant satisfies its prima facie burden will the burden shift to the opponent "to lay bare his or her proof and demonstrate the existence of triable issues of fact" ( *Alvarez*, 68 NY2d at 324; *see also Zuckerman v City of New York*, 49 NY2d 557 [1980]).

"A party is entitled to full contractual indemnification provided that the 'intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances'" (*Drzewinski* v *Atlantic Scaffold & Ladder Co.,* 70 NY2d 774, 777 [1987], quoting *Margolin v New York Life Ins. Co.*, 32 NY2d 149, 153 [1973]; *see also Tonking v Port Auth. of N.Y. & N.J.*, 3 NY3d 486, 490 [2004]). A construction contract is unenforceable and void against public policy where it seeks to indemnify a promisee against

**156867/2018   KEYS, KEVIN vs. CITY OF NEW YORK**
  **Motion No.  008**

**Page 2 of 5**

2 of 5

[* 2]

liability resulting from the promisee's own negligence (General Obligations Law § 5-322.1[1]). However, an indemnification provision that permits indemnification "to the fullest extent permitted by law" contains savings language that would allow a construction manager to receive partial and proportionate indemnification for its contractors' negligence, even where the construction manager may have also been negligent (*see Brooks v Judlau Contracting, Inc.*, 11 NY3d 204 [2008]; *Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786 [1997]; *Guzman v 170 West End Ave. Associates*, 115 AD3d 462 [1st Dept 2014]).

The subject contract and indemnity agreement contain two separate indemnification clauses which each run in favor of the movants and state as follows:

> To the fullest extent permitted by law, the Subcontractor shall indemnify and hold harmless the Owner, Contractor . . . from and against claims, damages, losses, and expenses, including but not limited to attorney's fees, arising out of or resulting from performance of the Subcontractor's Work under this Subcontract, provided that any such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or injury to or destruction of tangible property (other than the Work itself), but only to the extent caused by the negligent acts or omissions of the Subcontractor, the Subconctractor's Sub-subcontractors anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, abridge, or otherwise reduce other rights obligations of indemnity; which would otherwise exist as to a party or person described in this Section 4.6.

> ▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

> To the fullest extent permitted by law, Subcontractor shall defend, indemnify, and hold harmless Richards Plumbing & Heating Co., Inc, RPH Properties LLC, Project Owner, Contractor, Architect and consults, agents and employees of any of them individually or collectively from and against all claims, damages, liabilities, losses and expenses. This includes but not limited to attorneys' fees arising out of or in any way connected with the performance or lack of performance of the work under the agreement and/or any change orders or additions to the work included in the agreement, provided that any such claim, damage, liability, loss or expense is attributable

**156867/2018   KEYS, KEVIN vs. CITY OF NEW YORK**
**Motion No.  008**

**Page 3 of 5**

to bodily injury, sickness, disease or death or physical injury to tangible property including loss of use of that property, or loss of use of tangible property that is not physically injured, and caused in whole or in party by any actual or alleged:

Act or omission of the Subcontractor or anyone directly or indirectly retained or engaged by it or anyone for whose acts it may be liable; or Violation of any statutory duty, regulation, ordinance, rule or obligation by an Indemnitee provided that all the violation arises out of is in any way connected with the Subcontractor's performance or lack of performance of the work under the agreement.

Here, it is clear that the parties intended for RVS to indemnify Richards and the City of New York. To the extent that an ambiguity exists between the two provisions, it will be construed in favor of the non-drafter, RVS (*see Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454 [1989]). Thus, RVS need only indemnify movants for its negligent acts or omissions.

In support of the motion, movants submit, inter alia, the expert affidavit of Robert J. Monaco, P.E., professional civil engineer. In forming his opinion, Monaco reviewed the deposition transcripts and discovery exchanged. Monaco ultimately opined with a reasonable degree of engineering certainty that the plaintiff was solely supervised, directed, and controlled at the worksite by his employer RVS, that RVS was responsible for site safety since they dug the trench, and that the accident was caused by plaintiff's lack of supervision, direction, and proper control.

In opposition to the motion, RVS fails to attempt to rebut the expert affidavit or allege that any entity other than RVS controlled or supervise plaintiff or was responsible for ensuring that the trench was secured. Instead, RVS argues based on prior testimony that it was Richards who had inappropriately opened the trench in contravention of their agreement, as they had on four or five other known occasions. Thus, inasmuch as RVS raised a triable issue of fact as to whether Richards

**156867/2018   KEYS, KEVIN vs. CITY OF NEW YORK**
**Motion No.  008**

**Page 4 of 5**

[* 4]

4 of 5

was also negligent and a cause of the accident in possibly opening up the trench and failing to inform RVS who was responsible for making sure it was secure and safe for their workers, the movants are only entitled to partial contractual indemnification, potentially limited by any apportionment against them.

Accordingly, movants' motion for summary judgment is granted solely to the extent that Richards and the City of New York are entitled to partial indemnification.

This constitutes the decision and order of the Court.

| 12/27/2023 | | | | |
|---|---|---|---|---|
| **DATE** | | | | **RICHARD LATIN, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**156867/2018   KEYS, KEVIN vs. CITY OF NEW YORK**
**Motion No.  008**

**Page 5 of 5**

5 of 5