Lamarr v Buffalo State Alumni Assn., Inc. (2024 NY Slip Op 03965)

Lamarr v Buffalo State Alumni Assn., Inc.

2024 NY Slip Op 03965

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND KEANE, JJ.

439 CA 23-01203

[*1]GILBERT LAMARR, ET AL., PLAINTIFFS,
v
BUFFALO STATE ALUMNI ASSOCIATION, INC., ET AL., DEFENDANTS. 
BUFFALO STATE ALUMNI ASSOCIATION, INC., BUFFALO STATE COLLEGE FOUNDATION HOUSING CORPORATION, LP CIMINELLI, INC., AND LP CIMINELLI CONSTRUCTION CORP., THIRD-PARTY PLAINTIFFS-RESPONDENTS-APPELLANTS, 
v
HUBER CONSTRUCTION, INC., THIRD-PARTY DEFENDANT- APPELLANT-RESPONDENT. 
HUBER CONSTRUCTION, INC., FOURTH-PARTY PLAINTIFF-APPELLANT,
v
DURAFRAME, LLC, FOURTH-PARTY DEFENDANT-RESPONDENT, ET AL., FOURTH-PARTY DEFENDANT. 

BARCLAY DAMON LLP, BUFFALO (CHARLES J. ENGLERT, III, OF COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT-RESPONDENT AND FOURTH-PARTY PLAINTIFF-APPELLANT.
HODGSON RUSS LLP, BUFFALO (MICHAEL C. O'NEILL OF COUNSEL), FOR THIRD-PARTY PLAINTIFFS-RESPONDENTS-APPELLANTS. 
LIPPMAN O'CONNOR, BUFFALO (ROBERT H. FLYNN OF COUNSEL), FOR FOURTH-PARTY DEFENDANT-RESPONDENT. 

 Appeal and cross-appeal from an order of the Supreme Court, Niagara County (Matthew J. Murphy, III, A.J.), entered September 4, 2014. The order, among other things, granted the summary judgment motion of defendants-third-party plaintiffs for contractual indemnification against third-party defendant-fourth-party plaintiff, awarded defendants-third-party plaintiffs common-law indemnification against third-party defendant-fourth-party plaintiff and granted the summary judgment motion of fourth-party defendant for, inter alia, conditional contractual indemnification against third-party defendant-fourth-party plaintiff. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion of defendants-third-party plaintiffs and vacating the award of common-law indemnification to them, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action against defendants-third-party plaintiffs Buffalo State Alumni Association, Inc. and Buffalo State College Foundation Housing Corporation (collectively, Buffalo State defendants) as owners of the premises, and defendants-third-party plaintiffs LP Ciminelli, Inc. and LP Ciminelli Construction Corp. (collectively, Ciminelli defendants) as construction managers, seeking [*2]damages for injuries Gilbert Lamarr (plaintiff) sustained in two construction-site accidents. Plaintiff was an employee of third-party defendant-fourth-party plaintiff, Huber Construction, Inc. (Huber), the subcontractor hired to install exterior wall systems. Huber purchased prefabricated exterior wall panels from fourth-party defendant Duraframe, LLC (Duraframe). Plaintiff's injuries arose from handling those wall panels on two different dates approximately one month apart. Plaintiffs settled their action with the Buffalo State and Ciminelli defendants.
The Buffalo State and Ciminelli defendants moved for summary judgment on the first cause of action in the third-party complaint, for contractual indemnification against Huber. Duraframe moved, inter alia, for summary judgment seeking a conditional order of contractual indemnification against Huber. Supreme Court granted the motions and also awarded the Buffalo State and Ciminelli defendants common-law indemnification against Huber. Huber appeals, and the Buffalo State and Ciminelli defendants cross-appeal.
At the outset, we note that the court erred in sua sponte granting common-law indemnification against Huber inasmuch as the Buffalo State and Ciminelli defendants did not move for that relief (see generally Thompson v Corbett, 13 AD3d 1060, 1062 [4th Dept 2004]), and we therefore modify the order by vacating that award.
With respect to Huber's appeal, we agree with Huber that the court erred in granting the motion of the Buffalo State and Ciminelli defendants, and we therefore further modify the order by denying the motion. " '[T]he right to contractual indemnification depends upon the specific language of the contract' " (Vega v FNUB, Inc., 217 AD3d 1475, 1479 [4th Dept 2023]; see Allington v Templeton Found., 167 AD3d 1437, 1441 [4th Dept 2018]). The subcontract between LP Ciminelli, Inc. (LP Ciminelli) and Huber contained a contractual indemnification provision that required Huber to indemnify Buffalo State College Foundation Housing Corporation and LP Ciminelli and their agents for claims arising out of or resulting from the performance of the work, "but only to the extent caused by the negligent acts or omissions of" Huber or its "sub-subcontractors."
Initially, contrary to Huber's contention, the indemnification provision is not void and unenforceable pursuant to General Obligations Law § 5-322.1. General Obligations Law § 5-322.1 "permit[s] a partially negligent general contractor to seek contractual indemnification from its subcontractor so long as the indemnification provision does not purport to indemnify the general contractor for its own negligence" (Brooks v Judlau Contr., Inc., 11 NY3d 204, 207 [2008]). Where, as here, the indemnification provision limits indemnity "[t]o the fullest extent permitted by law," the provision does not violate section 5-322.1 and is enforceable (see Feliz v Citnalta Constr. Corp., 217 AD3d 750, 752 [2d Dept 2023]; Charney v LeChase Constr., 90 AD3d 1477, 1479 [4th Dept 2011]; see also Clyde v Franciscan Sisters of Allegany, N.Y., Inc., 217 AD3d 1353, 1355 [4th Dept 2023]). Moreover, contrary to Huber's further contention, the Buffalo State and Ciminelli defendants established in support of their motion, and Huber failed to raise a triable issue in opposition, that the Ciminelli defendants did not supervise or control the work that resulted in plaintiff's injuries and were therefore not negligent (see Vega, 217 AD3d at 1478-1479; Miller v Rerob, LLC, 197 AD3d 979, 981 [4th Dept 2021]; see generally McCormick v 257 W. Genesee, LLC, 78 AD3d 1581, 1581-1582 [4th Dept 2010]).
We agree with Huber, however, that the indemnification provision required Huber to indemnify the Buffalo State and Ciminelli defendants for Huber's own negligence or that of its subcontractors, and the Buffalo State and Ciminelli defendants failed to meet their initial burden on the motion of establishing that plaintiffs' claims arose from the negligence of Huber or its subcontractors (see Holler v Dominion Energy Transmission, Inc., 221 AD3d 1491, 1492 [4th Dept 2023]; Kader v City of N.Y., Hous. Preserv. & Dev., 16 AD3d 461, 463 [2d Dept 2005]). Issues of fact exist whether Huber or its subcontractors were negligent and thus whether the indemnification provision was triggered (see Hennard v Boyce, 6 AD3d 1132, 1134 [4th Dept 2004]; Brickel v Buffalo Mun. Hous. Auth., 280 AD2d 985, 985 [4th Dept 2001]). Because there are questions of fact regarding whether Huber or its subcontractors were negligent, we reject the contention on the cross-appeal that the court erred to the extent that it granted only conditional contractual indemnification.
Contrary to the further contention of Huber on its appeal, the court properly granted that part of Duraframe's motion for summary judgment seeking a conditional order of contractual [*3]indemnification against Huber. Huber contends that Duraframe failed to meet its initial burden on the motion of establishing the existence of a valid contractual indemnification provision between them. We reject that contention. It is well settled that "[a]n unsigned contract may be enforceable, provided there is objective evidence establishing that the parties intended to be bound" (Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 369 [2005], rearg denied 5 NY3d 746 [2005]; see Brighton Inv., Ltd. v Har-Zvi, 88 AD3d 1220, 1222 [3d Dept 2011]). Here, Duraframe's submissions established that it sent Huber a written quotation for the prefabricated metal framing that set forth the price for the exterior wall panels and that further provided that all orders were subject to the terms and conditions set forth, which included an indemnification provision. In response to the quotation, Huber sent a signed purchase order for the same amount to Duraframe to furnish and deliver fully assembled exterior wall panels, and Duraframe signed and accepted the purchase order. Duraframe also submitted the deposition testimony of representatives from both Huber and Duraframe, and we conclude that the testimony established as a matter of law that the parties intended to be bound by the indemnification provision contained within the quotation (see LMIII Realty, LLC v Gemini Ins. Co., 90 AD3d 1520, 1521 [4th Dept 2011]). In opposition, Huber failed to raise an issue of fact with respect thereto (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court