Travers v Briarcliff Manor Invs., LLC
2026 NY Slip Op 02689
April 29, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Wayne Travers, et al., plaintiffs,
v
Briarcliff Manor Investments, LLC, defendant, Andron Construction Corp., et al., defendants third-party plaintiffs-appellants; Gabriel Steel Erectors, Inc., third-party defendant-respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on April 29, 2026
2022-02942, (Index No. 59486/18)
Francesca E. Connolly, J.P.
Cheryl E. Chambers
Helen Voutsinas
Elena Goldberg Velazquez, JJ.

Katz & Rychik, P.C., New York, NY (Abe M. Rychik and Adam Kraman of counsel), for defendants third-party plaintiffs-appellants.
Hodgson Russ LLP, Albany, NY (Scott C. Paton of counsel), for third-party defendant-respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal from an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated March 16, 2022. The order, insofar as appealed from, granted those branches of the third-party defendant's motion which were for summary judgment dismissing the third-party causes of action for contractual indemnification.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the third-party defendant's motion which were for summary judgment dismissing the third-party causes of action for contractual indemnification are denied.
The defendant third-party plaintiff SHI-III Briarcliff REIT, LLC, the owner of certain property located in Briarcliff Manor (hereinafter the owner), hired the defendant third-party plaintiff Andron Construction Corp. (hereinafter the general contractor) to act as the general contractor for a construction project. The general contractor, in turn, contracted with Orange County Ironworks, LLC (hereinafter OCI), to provide and install steel for the project as a subcontractor. OCI thereafter engaged the third-party defendant, Gabriel Steel Erectors, Inc. (hereinafter Gabriel), as a sub-subcontractor to install steel for the project. The contract between OCI and Gabriel required Gabriel, "[t]o the fullest extent permitted by law," to indemnify and hold harmless, among others, the owner and the general contractor, from and against claims, damages, losses, and expenses arising out of or resulting from Gabriel's negligent acts or omissions in the performance of its work under the contract.
In 2018, the plaintiff Wayne Travers (hereinafter the injured plaintiff), an ironworker employed by Gabriel, allegedly was injured when he fell from an extension ladder while working on the project. Thereafter, the injured plaintiff, and his spouse suing derivatively, commenced this action to recover damages for personal injuries alleging, inter alia, violations of Labor Law §§ 200, 240, and 241(6), against the owner and the general contractor, among others. The owner and the [*2]general contractor commenced a third-party action against Gabriel asserting, among other things, causes of action for contractual indemnification. Subsequently, Gabriel moved, inter alia, for summary judgment dismissing the third-party causes of action for contractual indemnification. In an order dated March 16, 2022, the Supreme Court, among other things, granted those branches of Gabriel's motion. The owner and the general contractor appeal.
The right to contractual indemnification depends upon the specific language of the contract (see George v Marshalls of MA, Inc., 61 AD3d 925, 930). The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances (see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492).
Here, the contract provided, inter alia, that Gabriel was obligated to indemnify and hold harmless, among others, the owner and the general contractor, from and against claims, damages, losses, and expenses arising out of or resulting from Gabriel's negligent acts or omissions in the performance of its work under the contract. Although the general contractor played a general supervisory role over the work of its subcontractors, triable issues of fact exist as to whether Gabriel "assumed primary responsibility for the safety of its workers," given the plaintiff's deposition testimony that he received instructions solely from Gabriel and never from anyone else on the project and the deposition testimony of Gabriel's foreman that he completed a weekly job site safety and hazard analysis every week while he was on the project (Masciotta v Morse Diesel Intl., 303 AD2d 309, 313).
Furthermore, contrary to Gabriel's contention, General Obligations Law § 5-322.1 does not prohibit the owner and the general contractor from seeking partial indemnification from Gabriel even if the incident was caused, in part, by the negligence of the owner and the general contractor. Under General Obligations Law § 5-322.1(1), an agreement purporting to indemnify a party for damages arising out of the party's own negligence "is against public policy and is void and unenforceable" (see Brooks v Judlau Contr., Inc., 11 NY3d 204, 207; Feliz v Citnalta Constr. Corp., 217 AD3d 750, 752). Nonetheless, contractual provisions providing for indemnification "to the fullest extent permitted by law" do not violate General Obligations Law § 5-322.1, as they allow for partial indemnification as to the portion of damages not caused by the indemnitee's own negligence (see Brooks v Judlau Contr., Inc., 11 NY3d at 210-211; Feliz v Citnalta Constr. Corp., 217 AD3d at 752).
Accordingly, the Supreme Court should not have granted those branches of Gabriel's motion which were for summary judgment dismissing the third-party causes of action for contractual indemnification.
Gabriel's remaining contention is without merit.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court