■ MICHAEL G. MURPHY, Respondent, v UNIVERSITY CLUB et al., Appellants, and R & C BAUMAN, INC., Defendant and Third-Party Plaintiff-Respondent. CORD CONTRACTING COMPANY, INC., Third-Party Defendant-Respondent. UNIVERSITY CLUB et al., Second Third-Party Plaintiffs-Appellants, v CNA INSURANCE Co., Doing Business as TRANSCONTINENTAL INSURANCE COMPANY, Second Third-Party Defendant-Respondent. [607 NYS2d 13] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about April 8, 1993, which granted third-party defendant Cord Contracting Company, Inc.'s (Cord's) motion for a protective order striking items 3, 4, and 5 of a notice to admit served by defendants University and Tiger, and the cross-motion for summary judgment by defendants The University Club (University) and Tiger Construction Corporation (Tiger) against defendant Cord requiring Cord to assume the cost of defense of this action, unanimously modified, on the law, the defendants are directed to answer items 3 and 4 of said notice to admit, and otherwise affirmed, without costs.

Plaintiff, an employee of third-party defendant Cord, was

injured during the course of a construction project at premises owned by defendant University, at which Tiger acted as construction manager. A second third-party action was commenced by University and Tiger against CNA Insurance Co. (CNA), which allegedly insured University and Tiger as additional insureds on a policy procured by Cord pursuant to its contract with said defendants.

A notice to admit may not be used to request admission of material issues, and is only properly employed to eliminate from trial matters which are easily provable and about which there can be no controversy (*Taylor v Blair,* 116 AD2d 204, 206). As Cord has not claimed any genuine dispute as to whether the construction contract was "in full force and effect", it is evident that the admission is sought only to resolve an easily resolvable factual dispute—i.e., whether Cord claimed to have cancelled or otherwise repudiated the contract. Items 3 and 4 were therefore proper. Plainly, item 5, seeking to require Cord to characterize whether *plaintiff* claims his injury arose out of his employment, calls for Cord to delve into plaintiff's mind, and is thus not a proper request.

As to the issue of Cord's obligation to procure insurance, no insurance contract is contained in the record. Nevertheless, an insurance certificate was produced on the motion, and the papers reflect that a copy of the alleged contract of insurance was exchanged in discovery. It is not clear why CNA has apparently disclaimed, but the mere fact that CNA has disclaimed, without any indication of the reasons for the disclaimer at this juncture, is not probative of a breach of contract by third-party defendant Cord. Presumably these issues will be clarified and resolved in the second third-party action. Concur—Murphy, P. J., Rosenberger, Ross, Rubin and Williams, JJ.