■ Trinidad H. Garcia, Respondent, v Great Atlantic and Pacific Tea Company, Inc., Also Known as A&P Supermarket, Respondent, and Domestic Linen Supply Co., Inc., Appellant. Great Atlantic and Pacific Tea Company, Inc., Also Known as A&P Supermarket, Third-Party Plaintiff-Respondent, v Domestic Linen Supply Co., Inc., Third-Party Defendant-Appellant. [647 NYS2d 2] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about April 24, 1995, which granted defendant A&P's motion for summary judgment against defendant Domestic Linen Supply Co., directing the latter to comply with its contractual obligation to indemnify the former in the underlying action, unanimously reversed, on the law, without costs, and the motion is denied. Appeal from order, same court and Justice, entered on or about July 14, 1995, which, insofar as appealable, denied Domestic's motion to renew the order granting summary judgment, is unanimously dismissed, without costs, as academic in light of the foregoing. Order, same court and Justice, entered on or about January 2, 1996, which granted A&P's motion to hold Domestic in contempt and assessed fines against the latter and its attorneys, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and the finding of contempt is vacated.

The contract between Domestic and A&P unequivocally obligated Domestic to procure liability insurance for A&P, which obligation Domestic met by obtaining a policy from Travelers with an automatic additional insured's endorsement (*see, Nuzzo v Griffin Technology*, 212 AD2d 980). The motion court mistakenly concluded that Domestic's contractual obligation also required it to cover the cost of defense and indemnification where the insurance company disclaimed an obligation to

defend and indemnify A&P, the party for whom the insurance was procured; the parties' contract did not impose this obligation upon Domestic (*see, Murphy v University Club*, 200 AD2d 532). To the extent A&P might be aggrieved by Travelers' action or inaction on its behalf, its proper remedy is to bring a declaratory judgment action against Travelers directly based upon its rights as an additional insured (*see, City of Albany v Standard Acc. Ins. Co.*, 7 NY2d 422, 432).

Furthermore, in order to find that a party is in civil contempt, a lawful judicial order expressing an unequivocal mandate must have been in effect and disobeyed, the party held in contempt must have had notice of the order, and it must be demonstrated that its failure to comply therewith prejudiced the rights of a party to the litigation (*McCain v Dinkins*, 84 NY2d 216, 226). Here, the court based the contempt order upon Domestic's failure to "provide a defense to A & P in this action", but the court's prior orders actually directed Domestic's insurer, the nonparty Travelers Insurance, to defend and indemnify A&P pursuant to the terms of the additional insured endorsement. Since it was Travelers, not Domestic, which arguably had a duty to defend A&P in this action, there is no indication that Domestic violated a clear and explicit mandate such that a finding of contempt would be appropriate (*see, Matter of Perazone v Perazone*, 188 AD2d 750). The contempt order and the awards of $5,000 in sanctions against Domestic and $1,500 in sanctions against Domestic's law firm are therefore vacated. Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.