MICHAEL J. MCGOVERN, Respondent, v GLEASON BUILDERS, INC., Appellant and Third-Party Plaintiff-Respondent-Appellant. DAVIS BROTHERS ENTERPRISES, INC., Third-Party Defendant-Appellant-Respondent. [839 NYS2d 384]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered June 22, 2006 in a Labor Law and common-law negligence action. The order, insofar as appealed and cross appealed from, denied that part of the cross motion of defendant and third-party plaintiff for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it is based upon the alleged violation of 12 NYCRR 23-1.7 (f), denied the cross motion of defendant and third-party plaintiff for summary judgment on its contractual indemnification cause of action in the third-party complaint,

and denied that part of third-party defendant's cross motion for summary judgment dismissing the contractual indemnification cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell after stepping on a bucket that was used as a step into a house under construction. Contrary to the contention of defendant-third-party plaintiff (defendant), Supreme Court properly denied that part of its cross motion for summary judgment seeking dismissal of the Labor Law § 241 (6) cause of action insofar as it is based upon the alleged violation of 12 NYCRR 23-1.7 (f). The remainder of the complaint was dismissed by the court "on consent," and the court in addition denied plaintiff's motion for partial summary judgment on liability on the Labor Law § 241 (6) cause of action on the ground that there is a triable issue of fact whether plaintiff was comparatively negligent. We agree with defendant's alternative contention that there also are triable issues of fact whether defendant violated 12 NYCRR 23-1.7 (f), which requires that "[s]tairways, ramps or runways shall be provided as the means of access to working levels above or below ground . . . ." Specifically, there are triable issues of fact whether defendant provided a stairway where plaintiff entered the house and whether there was an alternate means of access into the house (*see Seepersaud v City of New York*, 38 AD3d 753, 755 [2007]; *Sponholz v Benderson Prop. Dev.*, 273 AD2d 791, 792 [2000]).

We further conclude that the court properly denied that part of the cross motion of third-party defendant for summary judgment dismissing the contractual indemnification cause of action in the third-party complaint and properly denied defendant's cross motion for summary judgment on that cause of action. The record establishes that, although the indemnification agreement between defendant and third-party defendant is dated approximately one year before the accident, third-party defendant did not sign that agreement until after the date of the accident. We thus conclude on the record before us that there is a triable issue of fact whether the parties intended the agreement to apply as of the earlier date (*see generally Nephew v Klewin Bldg. Co., Inc.*, 21 AD3d 1419, 1421-1422 [2005]; *Podhaskie v Seventh Chelsea Assoc.*, 3 AD3d 361, 362-363 [2004]; *Stabile v Viener*, 291 AD2d 395, 396 [2002], *lv dismissed* 98 NY2d 727 [2002]). Present—Scudder, P.J., Martoche, Smith, Centra and Peradotto, JJ.