(October 9, 2009)

■ RICHARD HUNT, Plaintiff, v CIMINELLI-COWPER Co., INC., et al., Defendants. CIMINELLI-COWPER Co., INC., Third-Party Plaintiff-Appellant, v HUBER CONSTRUCTION, INC., Third-Party Defendant, and DAVID OGIONY DEVELOPMENT Co., INC., et al., Third-Party Defendants-Respondents. (Appeal No. 1.) [887 NYS2d 395]—

Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered May 1, 2008 in a personal injury action. The order, inter alia, granted the motions of third-party defendants for summary judgment dismissing the third-party complaint and all cross claims against them.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motions of third-party defendants David Ogiony Development Co., Inc. and Pettit & Pettit, Inc. and reinstating the third-party complaint

and cross claim against them and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he slipped and fell on an icy and unlit path while performing construction work on property owned by Jamestown Community College, Jamestown Community College Region and Jamestown Community College Regional Board of Trustees (collectively, JCC defendants), defendants in appeal Nos. 1 and 2 and the third-party plaintiffs in appeal No. 2. Ciminelli-Cowper Co., Inc. (Ciminelli), a defendant in appeal Nos. 1 and 2 and the third-party plaintiff in appeal No. 1, served as the construction manager on the project. Ciminelli and the JCC defendants each commenced a third-party action against various contractors on the project, asserting causes of action for contractual defense and indemnification and breach of contract based on their failure to procure insurance naming Ciminelli and the JCC defendants as additional insureds on the project. The JCC defendants also asserted a cause of action for common-law indemnification. The contracts between the JCC defendants and third-party defendants Ingalls Site Development, Inc., formerly known as David Ogiony Development Co., Inc. (Ogiony), Pettit & Pettit, Inc. (Pettit), and Ahlstrom-Schaeffer Electric Corporation (Ahlstrom) provided in relevant part that "the Contractor shall indemnify and hold harmless the Owner[, i.e., the JCC defendants, and the] Construction Manager[, i.e., Ciminelli,] . . . from and against claims, damages, losses and expenses . . . arising out of or resulting from performance of the Work . . . but only to the extent caused in whole or in part by negligent acts or omissions of the Contractor, a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable . . . ." The contracts also provided that those third-party defendants (hereafter, third-party defendants) shall obtain an endorsement to their general liability policies naming, inter alia, Ciminelli and the JCC defendants as additional insureds on a primary basis.

In appeal No. 1, Ciminelli appeals from an order granting, inter alia, the motions of third-party defendants for summary judgment dismissing Ciminelli's third-party complaint and all cross claims against them. The order in appeal No. 1 also denied the cross motion of Ciminelli for partial summary judgment seeking a determination that third-party defendants are obligated to procure insurance naming Ciminelli as an additional insured and to defend and indemnify Ciminelli in the main action. In appeal No. 2, the JCC defendants appeal from an order granting the motions of third-party defendants for summary

judgment dismissing the JCC defendants' amended third-party complaint and all cross claims against them. The order in appeal No. 2 also denied the cross motion of the JCC defendants for partial summary judgment seeking a determination that third-party defendants are obligated to procure insurance naming the JCC defendants as additional insureds and that third-party defendants are obligated contractually and under the common law to defend and indemnify the JCC defendants in the main action.

We agree with Ciminelli in appeal No. 1 that Supreme Court erred in granting the motions of Ogiony and Pettit for summary judgment dismissing the third-party complaint and all cross claims against them. We also agree with the JCC defendants in appeal No. 2 that the court erred in granting the motion of Ogiony for summary judgment dismissing the amended third-party complaint and all cross claims against it, as well as those parts of the motion of Pettit for summary judgment dismissing the contractual defense and indemnification cause of action and the common-law indemnification cause of action and all cross claims against it. We therefore modify the orders in appeal Nos. 1 and 2 accordingly.

Ogiony, the snow removal contractor, established as a matter of law that it was not obligated to defend or indemnify Ciminelli and the JCC defendants in the main action by submitting evidence that there was no snow on the path where plaintiff fell and that its contract with the JCC defendants did not require the application of sand, salt or other ice melting products (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Ciminelli and the JCC defendants, however, raised a triable issue of fact whether Ogiony was negligent in its failure to remove snow from the area where the accident occurred and, if so, whether such negligence caused or contributed to the icy conditions of the path (*see generally id.*). Ciminelli and the JCC defendants submitted evidence that the contract between Ogiony and the JCC defendants required Ogiony to remove snow from the area where plaintiff's accident occurred, that Ogiony's subcontractor failed to remove snow from that area, and that the ice on the path was attributable, at least in part, to the melting and refreezing of accumulated snow.

With respect to the breach of contract causes of action asserted against it by Ciminelli and the JCC defendants, Ogiony failed to submit any evidence demonstrating that, at the time of plaintiff's accident, it had procured the insurance for those defendants required by its contract with the JCC defendants. Thus, Ogiony failed to establish its entitlement to judgment as

a matter of law dismissing those causes of action (*see generally id.*).

We further conclude that, by its own submissions, Pettit raised a triable issue of fact whether it was obligated to defend and indemnify Ciminelli and the JCC defendants in the main action based on its failure to install or its negligent installation of a walkway that caused or contributed to plaintiff's fall (*see generally Zuckerman*, 49 NY2d at 562). Pursuant to the contract between Pettit and the JCC defendants, Pettit was required to install temporary stone walkways at building entrances on the project site, including the area where plaintiff fell. Although Pettit's owner testified at his deposition that Pettit installed a stone walkway at that location prior to plaintiff's accident and that he believed that the walkways were constructed in accordance with the contract specifications, plaintiff testified at his deposition that there was no such walkway at the time of his accident and that his fall was caused in part by the presence of a hole or divot in the path.

With respect to the breach of contract cause of action asserted against it by Ciminelli, Pettit failed to submit any evidence demonstrating that it procured the required insurance and thus failed to establish its entitlement to judgment as a matter of law dismissing that cause of action (*see generally id.*). We conclude, however, that Pettit established its entitlement to judgment as a matter of law dismissing the breach of contract cause of action asserted against it by the JCC defendants. Pettit submitted the deposition testimony of its president, who testified that he procured the required insurance, as well as a certificate of general liability insurance naming the JCC defendants and Ciminelli as additional insureds on a primary basis. The JCC defendants failed to raise a triable issue of fact with respect thereto in opposition to the motion (*see generally id.*).

We conclude with respect to Ahlstrom that the court properly granted its motions for summary judgment dismissing the third-party complaint, the amended third-party complaint and all cross claims against it. Pursuant to its contract with the JCC defendants, Ahlstrom was obligated to install six security lights on the project site. Ahlstrom established as a matter of law that it was not required to defend or indemnify Ciminelli and the JCC defendants in the main action by submitting evidence that it installed the lights pursuant to Ciminelli's directions and that it was not negligent in its placement of the lights (*see generally id.*). In opposition to the motions, Ciminelli and the JCC defendants failed to raise a triable issue of fact whether the lights functioned properly or whether inadequate lighting in the

area of plaintiff's fall was attributable to any act or omission on the part of Ahlstrom (*see generally id.*). Ahlstrom also established as a matter of law that it procured the requisite insurance for both the JCC defendants and Ciminelli pursuant to its contract with the JCC defendants. In support of its motions, Ahlstrom submitted a certificate of insurance for the time period covering plaintiff's accident that named the JCC defendants and Ciminelli as additional insureds on a primary basis. The JCC defendants and Ciminelli failed to raise a triable issue of fact with respect thereto in opposition to the motions (*see generally id.*).

We reject the contention of Ciminelli in appeal No. 1 and the contention of the JCC defendants in appeal No. 2 that the court erred in denying those parts of their respective cross motions for summary judgment on the third-party complaint and the amended third-party complaint with respect to Ogiony and Pettit. We do not address those parts of the cross motions with respect to Ahlstrom in view of our determination that the court properly granted Ahlstrom's motions, inasmuch as the third-party complaint, amended third-party complaint and cross claims have been dismissed against Ahlstrom. We also do not address that part of the cross motion of the JCC defendants with respect to their breach of contract cause of action against Pettit, for the same reason.

With respect to Ogiony and Pettit, Ciminelli and the JCC defendants failed to establish their entitlement to contractual indemnification as a matter of law because, as we previously concluded herein, there are triable issues of fact with respect to the negligence of Pettit and Ogiony (*see Malecki v Wal-Mart Stores*, 222 AD2d 1010, 1011 [1995]). With respect to the common-law indemnification cause of action asserted against Ogiony and Pettit by the JCC defendants, they failed to establish as a matter of law that those third-party defendants were "guilty of some negligence that contributed to the causation of the accident" (*Correia v Professional Data Mgt.*, 259 AD2d 60, 65 [1999]; *see DiPasquale v M.J. Ogiony Bldrs., Inc.*, 60 AD3d 1338, 1339-1340 [2009]). With respect to the breach of contract causes of action alleging that those third-party defendants failed to procure insurance naming Ciminelli and the JCC defendants as additional insureds, Ciminelli and the JCC defendants failed to submit any evidence that those third-party defendants did not obtain that insurance (*see Zuckerman*, 49 NY2d 557, 562 [1980]). Finally, to the extent that Ciminelli or the JCC defendants contend that they have been denied a defense pursuant to the insurance contracts obtained by third-party defendants, the proper remedy is to commence a declaratory judg-

ment action against third-party defendants' insurers based upon their rights as additional insureds (*see Garcia v Great Atl. & Pac. Tea Co.*, 231 AD2d 401 [1996]). Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.