# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1073**
**CA 11-00957**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, GREEN, AND GORSKI, JJ.

---

CHRISTOPHER M. CHARNEY AND TRINA M.
CHARNEY, PLAINTIFFS-APPELLANTS,

        V                            MEMORANDUM AND ORDER

LECHASE CONSTRUCTION, FREDERICO
WRECKING CO., INC., AND FRIENDS OF FINGER
LAKES PERFORMING ARTS CENTER, INC.,
DEFENDANTS-RESPONDENTS.
-------------------------------------------
FREDERICO WRECKING CO., INC., THIRD-PARTY
PLAINTIFF-APPELLANT,

        V

CONTOUR ERECTION AND SIDING SYSTEMS, INC.,
THIRD-PARTY DEFENDANT-RESPONDENT.
-------------------------------------------
LECHASE CONSTRUCTION SERVICES, LLC AND
FRIENDS OF FINGER LAKES PERFORMING ARTS
CENTER, INC., THIRD-PARTY
PLAINTIFFS-APPELLANTS,

        V

CONTOUR ERECTION AND SIDING SYSTEMS, INC.,
THIRD-PARTY DEFENDANT-RESPONDENT.

---

MAXWELL MURPHY, LLC, BUFFALO (ALAN D. VOOS OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

BROWN & TARANTINO, LLC, BUFFALO (ANN M. CAMPBELL OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS AND THIRD-PARTY PLAINTIFFS-APPELLANTS.

MACKENZIE HUGHES LLP, SYRACUSE (JENNIFER P. WILLIAMS OF COUNSEL), FOR
THIRD-PARTY DEFENDANT-RESPONDENT.

---

Appeals from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered November 24, 2010 in a personal injury action. The order, inter alia, denied the motion of plaintiffs for partial summary judgment on liability pursuant to Labor Law § 240 (1), granted those parts of the motions of defendants-third-party plaintiffs and third-party defendant seeking summary judgment dismissing the complaint, and granted that part of the motion of third-party

defendant seeking summary judgment dismissing the third-party complaints.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying those parts of the motions of defendants-third-party plaintiffs and third-party defendant with respect to the Labor Law § 240 (1) claim as well as the Labor Law § 241 (6) claim to the extent that it is premised on a violation of 12 NYCRR 23-3.3 (h), reinstating those claims and denying that part of the motion of third-party defendant seeking summary judgment dismissing the third-party complaints and reinstating the third-party complaints, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Christopher M. Charney (plaintiff) during the demolition of the Finger Lakes Performing Arts Center (Center). Plaintiff, an ironworker employed by third-party defendant, was part of a crew that was demolishing the structural steel canopy of the Center in a step-by-step process. Plaintiff and a coworker were assigned to cut a portion of a steel beam, place a cable around the beam, attach the cable to a crane and cut the remaining portion of the beam. The steel beam would then be lifted away from the structure by the crane and deposited in an area near the stage. At the time of the accident, plaintiff and his coworker had partially cut a beam and secured the cable to it, but the crane was not in position to enable them to attach the cable to the crane. Plaintiff was lowered to the stage of the Center, approximately four feet above the ground, where he retrieved additional hose for his cutting torch and waited for the crane to be repositioned. He heard a noise, realized that the structural steel canopy was collapsing, and ran to the edge of the stage, and he was injured when he jumped into a pile of debris.

We note at the outset that plaintiffs do not contend in their brief that Supreme Court erred in granting those parts of the motions of defendants-third-party plaintiffs (defendants) and third-party defendant seeking summary judgment dismissing the Labor Law § 200 claim and the common-law negligence cause of action, and we thus deem any issues with respect thereto abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d 984).

With respect to the Labor Law § 240 (1) claim, we conclude that the court properly denied plaintiffs' motion seeking partial summary judgment on liability, but erred in granting those parts of the motions of defendants and third-party defendant seeking summary judgment dismissing that claim. We agree with defendants and third-party defendant that, insofar as plaintiff "was working on a large and stable surface only four feet from the ground [at the time of the accident, this] is not a situation that calls for the use of a device like those listed in section 240 (1) to prevent a worker from falling" (*Toefer v Long Is. R.R.*, 4 NY3d 399, 408). Nevertheless, defendants' alleged liability under the statute also is premised on the collapse of the structural steel canopy, and the section 240 (1) claim may be viable to the extent that the accident causing plaintiff's injuries

was elevation-related (*see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, ___ NY3d ___ [Oct. 25, 2011]).  We are unable to discern on the record before us, however, whether it is in fact the type of elevation-related accident to which the protective devices in section 240 (1) apply (*see id.* at ___).  None of the parties submitted evidence establishing the cause of the collapse of the canopy.  Thus, the record fails to establish as a matter of law whether the cause of the collapse was the failure to use appropriate safety devices to secure the partially cut beam (*see Portillo v Roby Anne Dev., LLC*, 32 AD3d 421), or whether the cause was unrelated to such failure.  Because triable issues of fact remain with respect to the cause of the accident, we modify the order by denying those parts of the motions of defendants and third-party defendant with respect to the Labor Law § 240 (1) claim.

        With respect to the Labor Law § 241 (6) claim, we conclude that the court erred in granting those parts of the motions of defendants and third-party defendant seeking summary judgment dismissing that claim to the extent that it is premised on a violation of 12 NYCRR 23-3.3 (h).  That regulation is sufficiently specific to support the claim under section 241 (6) (*see generally Misicki v Caradonna*, 12 NY3d 511, 520-521), and triable issues of fact remain whether it was violated (*see McGovern v Gleason Bldrs., Inc.*, 41 AD3d 1295) and, if so, whether such violation was a proximate cause of the accident (*see Calderon v Walgreen Co.*, 72 AD3d 1532, *appeal dismissed* 15 NY3d 900).  We further conclude that the court properly granted those parts of the motions of defendants and third-party defendant seeking summary judgment dismissing the remainder of the section 241 (6) claim.

        Finally, the court properly concluded that, to the extent that the indemnification provision in the subcontract of third-party defendant obligates it to indemnify defendants for their own acts of negligence, it is void and unenforceable under General Obligations Law § 5-322.1 (1) (*see Agostinelli v Stein*, 17 AD3d 982, 986, *lv dismissed* 5 NY3d 824).  Insofar as it requires indemnification "[t]o the fullest extent permitted by law," however, it does not run afoul of the statute (*see Bink v F.C. Queens Place Assoc., LLC*, 27 AD3d 408, 409).  Because issues of fact remain with respect to the cause of the accident and the respective fault, if any, of defendants and third-party defendant, we conclude that any determination whether third-party defendant must provide contractual indemnification to defendants would be premature (*see Stranz v New York State Energy Research & Dev. Auth. [NYSERDA]*, 87 AD3d 1279, 1283; *Niagara Frontier Transp. Auth. v City of Buffalo Sewer Auth.*, 1 AD3d 893, 895).  We therefore further modify the order by denying that part of third-party defendant's motion seeking summary judgment dismissing the third-party complaints.

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court