# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

896
CA 11-01725
PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

JASON PALMER AND MANDY PALMER,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

COUNTY OF ERIE, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (ERIC S. BERNHARDT OF COUNSEL), FOR DEFENDANT-APPELLANT.

MAXWELL MURPHY, LLC, BUFFALO (ALAN D. VOOS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered May 9, 2011. The order denied that part of plaintiffs' motion seeking leave to renew and granted that part of plaintiffs' motion seeking partial summary judgment on liability pursuant to Labor Law § 240 (1).

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, plaintiffs' motion insofar as it seeks leave to renew is granted, that part of the underlying motion seeking summary judgment dismissing the Labor Law § 240 (1) claim against defendant is denied, that claim is reinstated and plaintiffs' motion insofar as it seeks partial summary judgment on that claim is denied.

Memorandum: In appeal Nos. 1 and 2, defendant, County of Erie (County), appeals from orders denying those parts of plaintiffs' respective motions for leave to renew as unnecessary and granting those parts of plaintiffs' respective motions for partial summary judgment on liability on the Labor Law § 240 (1) claims. We note at the outset that Supreme Court (Bannister, J.) erred in determining that plaintiffs' motions were unnecessary to the extent that they sought leave to renew. Supreme Court (Makowski, J.) previously had granted those parts of the motions of the County and another defendant for summary judgment dismissing the Labor Law § 240 (1) claims against the County, and plaintiffs neither opposed those parts of the motions nor took an appeal from the orders granting them. Thus, the dismissal of those claims became the law of the case (*see generally Town of Angelica v Smith*, 89 AD3d 1547, 1549-1550).

We conclude, however, that plaintiffs met their burden of

establishing their entitlement to leave to renew their opposition to the prior motions under CPLR 2221 (e) (2) based on a "change in the law that would change the prior determination." We further conclude that, upon renewal, plaintiffs established that summary judgment dismissing the claims under Labor Law § 240 (1) was not appropriate based on the change in the law but that plaintiffs failed to establish their entitlement to partial summary judgment on liability with respect to those claims. Thus, the court (Bannister, J.) erred in granting those parts of plaintiffs' motions seeking that relief because, in our view, there are issues of fact regarding the occurrence of the accident that preclude partial summary judgment on liability under section 240 (1) (*see Charney v LeChase Constr.*, 90 AD3d 1477, 1479).

Entered:  October 5, 2012                          Frances E. Cafarell
                                                   Clerk of the Court