*1207 Memorandum: In appeal Nos. 1 and 2, defendant, County of Erie (County), appeals from orders denying those parts of plaintiffs’ respective motions for leave to renew as unnecessary and granting those parts of plaintiffs’ respective motions for partial summary judgment on liability on the Labor Law § 240 (1) claims. We note at the outset that Supreme Court (Bannister, J.) erred in determining that plaintiffs’ motions were unnecessary to the extent that they sought leave to renew. Supreme Court (Makowski, J.) previously had granted those parts of the motions of the County and another defendant for summary judgment dismissing the Labor Law § 240 (1) claims against the County, and plaintiffs neither opposed those parts of the motions nor took an appeal from the orders granting them. Thus, the dismissal of those claims became the law of the case (see generally Town of Angelica v Smith, 89 AD3d 1547, 1549-1550 [2011]).
We conclude, however, that plaintiffs met their burden of establishing their entitlement to leave to renew their opposition to the prior motions under CPLR 2221 (e) (2) based on a “change in the law that would change the prior determination.” We further conclude that, upon renewal, plaintiffs established that summary judgment dismissing the claims under Labor Law § 240 (1) was not appropriate based on the change in the law but that plaintiffs failed to establish their entitlement to partial summary judgment on liability with respect to those claims. Thus, the court (Bannister, J.) erred in granting those parts of plaintiffs’ motions seeking that relief because, in our view, there are issues of fact regarding the occurrence of the accident that preclude partial summary judgment on liability under section 240 (1) (see Charney v LeChase Constr., 90 AD3d 1477, 1479 [2011]). Present — Scudder, P.J., Fahey, Bindley, Sconiers and Martoche, JJ.