Matter of Gallagher v Old Guard of the City of N.Y. (2019 NY Slip Op 04101)





Matter of Gallagher v Old Guard of the City of N.Y.


2019 NY Slip Op 04101


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Friedman, J.P., Gische, Tom, Webber, Gesmer, JJ.


9433N 100300/16

[*1] In re Arthur L. Gallagher, Petitioner-Appellant,
v
Old Guard of the City of New York, Respondent-Respondent.


Arthur L. Gallagher, appellant pro se.
Busson & Sikorski, P.C., New York (Robert S. Sikorski of counsel), for respondent.



Order, Supreme Court, New York County (Carmen Victoria St. George, J.), entered March 2, 2018, which denied petitioner's motion for a finding of contempt against respondent organization, unanimously affirmed, without costs.
In the interest of justice, and on our own motion, we grant petitioner leave to appeal from the order denying his motion to hold respondent organization in contempt of the judgment entered September 13, 2017 (Lucy Billings, J.), since the March 2, 2018 order is not appealable as of right (CPLR 5701[b][1]; Matter of Britt v City of New York, 160 AD3d 524, 524 [1st Dept 2018]). Upon review of the merits, however, we find that the IAS court was well within its discretion to deny petitioner's contempt motion. Respondent did not violate any "clearly express[ed]" or "unequivocal" mandate of the IAS court (Matter of Britt, 160 AD3d at 524, citing Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d 233, 240 [1987]).
After petitioner was expelled from the organization, he commenced an article 78 proceeding seeking reinstatement. By judgment entered September 13, 2017, the Supreme Court (Lucy Billings, J.), granted the petition to the extent of annulling petitioner's expulsion and ordering respondent to reinstate him as a member. Subsequent to his reinstatement, new charges were brought against petitioner, which again resulted in his expulsion. Petitioner contends that by expelling him a second time, respondent is in contempt of the judgment.
In order to find a party in civil contempt, it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, that the party charged with contempt had notice of the order and disobeyed it, and that the failure to comply with the order prejudiced the rights of a party to the litigation (Garcia v Great Atl. & Pac. Tea Co., 231 AD2d 401 [1996]).
Although the judgment mandated petitioner's reinstatement, it did not address any future charges and did not hold that petitioner can never be discharged from the respondent organization. The sole mandate of the judgment, which was based exclusively on the first charges brought against petitioner, was for respondent to reinstate petitioner. Since respondent admittedly complied with that mandate, there was no violation such that a finding of contempt would be appropriate.
Despite petitioner's argument that he is entitled to a determination as to his allegations of fraudulent conduct by other members of respondent and as to whether respondent followed proper procedure in expelling him a second time, the initial petition did not seek such determinations. The underlying petition, having only sought a determination as to the first set of charges, was finally disposed of by the judgment.
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK