Clyde v Franciscan Sisters of Allegany, N.Y., Inc. (2023 NY Slip Op 03097)

Clyde v Franciscan Sisters of Allegany, N.Y., Inc.

2023 NY Slip Op 03097

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

126 CA 22-00219

[*1]JOHN CLYDE, PLAINTIFF-RESPONDENT,
v
FRANCISCAN SISTERS OF ALLEGANY, N.Y., INC., DEFENDANT, AND KINLEY CORPORATION, DEFENDANT-APPELLANT.
KINLEY CORPORATION, THIRD-PARTY PLAINTIFF-RESPONDENT,
v
NEW YORK COMMERCIAL FLOORING, INC., THIRD-PARTY DEFENDANT-APPELLANT. 

FELDMAN KIEFFER, LLP, BUFFALO (ADAM C. FERRANDINO OF COUNSEL), FOR DEFENDANT-APPELLANT AND THIRD-PARTY PLAINTIFF-RESPONDENT.
GOLDBERG SEGALLA LLP, BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT. 
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeals from an order of the Supreme Court, Cattaraugus County (Ronald D. Ploetz, A.J.), entered January 3, 2022. The order, among other things, denied that part of the motion of defendant-third-party plaintiff seeking summary judgment dismissing the complaint against it, and denied in part the motion of third-party defendant for summary judgment dismissing the third-party complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying defendant-third-party plaintiff's motion in its entirety, granting third-party defendant's motion insofar as it sought summary judgment dismissing the first cause of action in the third-party complaint and dismissing that cause of action, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this negligence action seeking to recover damages for injuries that he sustained when he slipped and fell on an accumulation of snow and ice located in a temporary parking lot used by workers on a remodeling project for a residential building owned by defendant Franciscan Sisters of Allegany, N.Y., Inc. Defendant-third-party plaintiff Kinley Corporation (Kinley) had been retained to perform work on the remodeling project including, inter alia, the construction of the temporary parking lot to be used by workers on the site. Kinley subcontracted with plaintiff's employer—third-party defendant New York Commercial Flooring, Inc. (NYCF)—to perform specific work on the remodeling project. Kinley commenced a third-party action against NYCF asserting causes of action for, inter alia, contractual indemnification and breach of the subcontract. NYCF and Kinley appeal from an order that, inter alia, granted those parts of Kinley's motion for summary judgment with respect to the contractual indemnification and breach of contract causes of action in the third-party complaint, denied those parts of NYCF's motion seeking summary judgment dismissing those same two causes of action, and denied Kinley's motion to the extent that it sought summary [*2]judgment dismissing the complaint against it.
Initially, on its appeal, NYCF contends that Supreme Court erred in granting Kinley's motion for summary judgment with respect to the first cause of action, for contractual indemnification, and that, instead, it should have granted that part of NYCF's motion seeking summary judgment dismissing that cause of action. We agree and therefore modify the order accordingly. The indemnification provision in the subcontract between Kinley and NYCF plainly obligates NYCF "to indemnify [Kinley] for [its] own acts of negligence," rendering it "void and unenforceable under General Obligations Law § 5-322.1 (1)" (Charney v LeChase Constr., 90 AD3d 1477, 1479 [4th Dept 2011]; see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., 89 NY2d 786, 794 [1997], rearg denied 90 NY2d 1008 [1997]). Further, the indemnification provision does not contain a savings clause stating that indemnification is required only " '[t]o the fullest extent permitted by law' " (Charney, 90 AD3d at 1479; see Bink v F.C. Queens Place Assoc., LLC, 27 AD3d 408, 409 [2d Dept 2006]), and the liability giving rise to indemnification is predicated on a finding of negligence (see Delaney v Spiegel Assoc., 225 AD2d 1102, 1104 [4th Dept 1996]). Indeed, the sole potential basis for Kinley's liability here is its own negligence, particularly in light of the fact that in the third-party complaint and its motion papers Kinley made no allegations—or offered any evidence showing—that the accident was the result of NYCF's or another party's negligence (see Clavin v CAP Equip. Leasing Corp., 156 AD3d 404, 404-405 [1st Dept 2017]).
We also agree with NYCF that the court erred in granting Kinley's motion with respect to the breach of contract cause of action in the third-party complaint, and we therefore further modify the order accordingly. In that cause of action, Kinley alleged that NYCF breached the subcontract because it had failed to procure insurance for Kinley. As relevant here, "[a] party seeking summary judgment based on an alleged failure to procure insurance naming that party as an . . . insured must demonstrate that a contract provision required that such insurance be procured and that the provision was not complied with" (Corter-Longwell v Juliano, 200 AD3d 1578, 1580 [4th Dept 2021] [internal quotation marks omitted]; see DiBuono v Abbey, LLC, 83 AD3d 650, 652 [2d Dept 2011]). We conclude that Kinley did not meet its initial burden here because, although the subcontract required NYCF to procure insurance for Kinley, Kinley submitted no evidence that NYCF failed to so procure insurance in compliance with the subcontract (see Hunt v Ciminelli-Cowper Co., Inc., 66 AD3d 1506, 1510 [4th Dept 2009]). The only evidence Kinley supplied to support its allegation is the assertion in an affidavit from Kinley's attorney that NYCF's insurer had not accepted Kinley's tender for defense and indemnity. In that affidavit, Kinley's attorney asserts that, in response to its tender for defense and indemnity, he was told merely that "further discovery [was] needed . . . to determine whether Kinley was responsible" for the accident. Kinley has supplied no evidence establishing that tender was not accepted because NYCF did not procure insurance for Kinley—it did not even submit a copy of NYCF's insurance policy. Indeed, at this point, to the extent that Kinley contends that it has been denied a defense by NYCF's insurance carrier, "the proper remedy is to commence a declaratory judgment action against [NYCF's] insurer[] based upon [its] rights as [an] additional insured[]" (id. at 1510-1511). For similar reasons, we conclude that, contrary to NYCF's contention, the court properly denied NYCF's motion to the extent it sought dismissal of the breach of contract cause of action because NYCF failed to supply any evidence to show either that it was not required to obtain insurance coverage for Kinley or that it had actually obtained such coverage as required by the subcontract (see generally Corter-Longwell, 200 AD3d at 1580-1581).
On its appeal, Kinley contends that the court should have granted that part of its motion seeking summary judgment dismissing the complaint against it on the ground that it did not own, control or have a special use of the property where the accident occurred and because it lacked actual or constructive notice of the dangerous condition that purportedly caused the accident. We reject that contention. To establish its entitlement to summary judgment dismissing the complaint, Kinley "had the [initial] burden of establishing either that it lacked control over the area where [plaintiff] was injured or that it lacked actual or constructive notice of the dangerous condition" (Lacey v Lancaster Dev. & Tully Constr. Co., LLC, 193 AD3d 1398, 1400 [4th Dept 2021]; see Hargrave v LeChase Constr. Servs., LLC, 115 AD3d 1270, 1272 [4th Dept 2014]). Here, we conclude that Kinley's own evidentiary submissions raised questions of fact with respect to both control and notice (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Specifically, Kinley submitted its contract with the general contractor on the [*3]remodeling project, which specifically provided that Kinley was "responsible for snow plowing as required to keep construction access to the temporary parking [lot and] construction parking." That provision directly contradicts Kinley's assertion in its motion that the subcontract required it to maintain the temporary parking lot only "as required to maintain a level surface for automobile traffic." Further, Kinley's submissions established that it had constructed the temporary parking lot and required workers, including plaintiff, to park there (see Lacey, 193 AD3d at 1400-1401). Kinley's contention that it is entitled to summary judgment dismissing the complaint against it under Espinal v Melville Snow Contrs. (98 NY2d 136, 138 [2002]) is unpreserved for our review because Kinley did not raise that argument before the motion court (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
We also reject Kinley's contention that the court should have granted its motion on the ground that Kinley lacked actual or constructive notice of the accumulation of snow and ice that caused plaintiff to slip and fall. We conclude that Kinley did not meet its initial burden with respect to actual notice because it did not submit evidence establishing that it "did not receive any complaints concerning the area where plaintiff fell and [was] unaware of any [snow and ice] in that location prior to plaintiff's accident" (Britt v Northern Dev. II, LLC, 199 AD3d 1434, 1435 [4th Dept 2021] [internal quotation marks omitted]; see Cosgrove v River Oaks Rests., LLC, 161 AD3d 1575, 1576 [4th Dept 2018]). The affidavit from Kinley's president submitted in support of the motion is insufficient to establish lack of actual notice because it merely states that "Kinley never received any complaints that the subject parking lot did not have a level surface for automobile traffic" prior to the accident—it says nothing whatsoever about there being no complaints about snow and ice on the parking lot.
Similarly, we conclude that Kinley failed to meet its initial burden with respect to the issue of constructive notice. "To constitute constructive notice, a [dangerous condition] must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [a] defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; see Arghittu-Atmekjian v TJX Cos., Inc., 193 AD3d 1395, 1395-1396 [4th Dept 2021]; Salvania v University of Rochester, 137 AD3d 1607, 1609 [4th Dept 2016]). Here, Kinley failed to establish that the accumulation of snow and ice formed in such close proximity to the accident that Kinley could not have noticed and remedied it (see Chamberlain v Church of the Holy Family, 160 AD3d 1399, 1401 [4th Dept 2018]; Kimpland v Camillus Mall Assoc., L.P., 37 AD3d 1128, 1129 [4th Dept 2007]). Moreover, it is a well-settled proposition that "[d]efendants cannot establish . . . entitlement to summary judgment dismissing the complaint [merely] by pointing to alleged gaps in [the] plaintiff's proof," but that is precisely what Kinley attempts to do here by arguing that plaintiff could not demonstrate that Kinley had notice of the dangerous condition (Godlewski v Carthage Cent. School Dist., 83 AD3d 1571, 1572 [4th Dept 2011]; see End of the Hill, LLC v Brock Acres Realty, LLC, 206 AD3d 1587, 1587-1588 [4th Dept 2022]; DeVaul v Erie Ins. Co. of N.Y., 174 AD3d 1520, 1520 [4th Dept 2019]).
Because Kinley failed to meet its initial burden on that part of its motion, the burden never shifted to plaintiff, and denial of that part of the motion "was required 'regardless of the sufficiency of the opposing [or reply] papers' " (Scruton v Acro-Fab Ltd., 144 AD3d 1502, 1503 [4th Dept 2016], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Korthas v U.S. Foodservice, Inc., 61 AD3d 1407, 1408 [4th Dept 2009]).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court