Agurto v One Boerum Dev. Partners LLC (2023 NY Slip Op 05676)

Agurto v One Boerum Dev. Partners LLC

2023 NY Slip Op 05676

Decided on November 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2023

Before: Kapnick, J.P., Singh, Moulton, Shulman, Rosado, JJ. 

Index No. 152793/19, 596014/19, 595084/20, 595832/20 Appeal No. 995 Case No. 2022-03587 

[*1]Lupo Agurto, Jr., Plaintiff-Respondent,
v
One Boerum Development Partners LLC, Defendant-Appellant-Respondent, Nordest Services LLC et al., Defendants-Respondents-Appellants.
One Boerum Development Partners LLC, Third-Party Plaintiff-Appellant-Respondent,
v
Maga Contracting Corp. et al., Third-Party Defendants, Rock Group NY Corp., Also Known as Rock Group Corp., Third-Party Defendant-Respondent-Appellant.
Nordest Services LLC, Second Third-Party Plaintiff-Respondent-Appellant,
v
Rock Group NY Corp., Also Known as Rock Group Corp., Second Third-Party Defendant-Respondent-Appellant.
[And a Third Third-Party Action]

Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Nicole Verzillo of counsel), for appellant-respondent.
Kerley, Walsh, Matera & Cinquemani, P.C., Seaford (Lauren B. Bristol of counsel), for Nordest Services LLC, respondent-appellant.
Gartner + Bloom P.C., New York (Jessica G. Price of counsel), for Noble Construction Group, LLP, respondent-appellant.
Malapero Prisco & Klauber LLP, New York (Brian M. Healy of counsel), for Rock Group NY Corp., respondent-appellant.
Ginarte Gonzalez & Winograd, LLP, New York (Anthony F. DeStefano of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered August 4, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on the issue of liability on his Labor Law §§ 240(1) and 241(6) claims, granted the cross-motion of defendant/second third-party plaintiff Nordest Services LLC insofar as dismissing plaintiff's complaint as against it, dismissing the cross-claims asserted as against it by One Boerum Place Development Partners LLC, and dismissing the cross-claims asserted as against it by third-party defendant/second third-party defendant Rock Group NY Corp., and denied the cross-motion insofar as it sought summary judgment dismissing the common-law indemnification and contribution cross-claims asserted as against it by Noble Construction Group and insofar as it sought summary judgment in its favor on its contractual indemnification claims as against Rock Group, granted the motion of defendant One Boerum Place insofar as dismissing Noble's, Nordest's, and Rock Group's claims as against it, and denied the motion insofar as it sought summary judgment dismissing plaintiff's Labor Law § 241(6) claims as against it and insofar as it sought judgment in its favor on its cross-claims against Noble, Nordest, and Rock Group for breach of contract for failure to procure insurance, common-law and contractual indemnification, and contribution, and denied Noble's motion for summary judgment dismissing plaintiff's Labor Law §§ 240(1) and 241(6) claims and all cross-claims as against it and for judgment in its favor on its cross-claims for contractual indemnification as against Nordest and Rock Group, unanimously modified, on the law, to grant so much of Nordest's cross-motion as sought summary judgment dismissing Noble's common-law indemnification and contribution claims as against it, and to deny so much of Nordest's cross-motion as sought summary judgment dismissing One Boerum's contractual indemnification claim as against it, and otherwise affirmed, without costs.
In this personal injury action, plaintiff fell from the top of scaffolding materials that had been stacked on the back of on a flatbed truck. The scaffolding materials were stacked on the truck so that the top was around 18 feet off the ground, and as plaintiff walked on them, he tripped over a board and fell to the sidewalk. Although plaintiff wore a safety harness, he was not able to tie it off on the back of the truck.
Plaintiff established entitlement to summary judgment on the issue of liability on his Labor Law § 240(1) claim by submitting evidence that he fell from a height while performing an activity covered by the statute and was not provided with a proper safety device (see Idona v Manhattan Plaza, Inc., 147 AD3d 636, 636 [1st Dept 2017]; Phillip v 525 E. 80th St. Condominium, 93 AD3d 578, 578-579 [1st Dept 2012]). That plaintiff's fall was precipitated by his tripping on one of the boards on the back of the truck [*2]does not remove his accident from the statute's ambit (see e.g. Gomes v Pearson Capital Partners LLC, 159 AD3d 480, 480-481 [1st Dept 2018]). In light of this determination, the issue of defendants' liability under Labor Law § 241(6) is academic (see e.g. Pimentel v DE Frgt. LLC, 205 AD3d 591, 593 [1st Dept 2022]).
Despite being denominated the project's construction manager, Noble functioned, in effect, as its general contractor; therefore, it is a proper Labor Law defendant in this case (see Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]). Moreover, the scope of the work listed in its contract with One Boerum included "[i]nstallation, maintenance and removal of sidewalk bridge in all areas as required"; thus, regardless of whether Noble considered itself to be done with the work that it was contractually obligated to do, it was still subject to the Labor Law until the full scope of its work was complete.
In the absence of any cross-appeal from so much of the order as dismissed his complaint as against Nordest, we decline plaintiff's invitation to search the record and grant him partial summary judgment on the issue of liability as against Nordest (see e.g. Valerio v 265 McClellan Realty, Inc., 203 AD3d 414, 416 [1st Dept 2022]).
To the extent that Supreme Court's order is inconsistent as to whether it dismissed Rock Group's and Nordest's claims against One Boerum, we find that those claims are, in fact, properly dismissed. Rock Group's and Nordest's claims against One Boerum are, in effect, for contractual and common-law indemnification and contribution, and for breach of contract for failure to procure insurance. However, the parties point to no evidence that One Boerum was contractually obligated either to indemnify or to procure insurance on behalf of Rock Group or Nordest. Moreover, there is no evidence that One Boerum actually supervised or in any way contributed to plaintiff's accident. Thus, there is no basis for finding One Boerum to have been negligent (see McCarthy v Turner Constr., Inc., 17 NY3d 369, 377-378 [2011]; Correia v Professional Data Mgt., 259 AD2d 60, 65 [1st Dept 1999]).
One Boerum was properly denied summary judgment against Noble. In light of Noble's undisputed absence from the site and lack of actual supervision or any contribution to plaintiff's accident, there is no basis for finding Noble to have been actively negligent so as to support claims for common-law indemnification and contribution (see McCarthy, 17 NY3d at 377-378 [2011]; Correia., 259 AD2d at 65). As for the contractual indemnification claim, the indemnification agreement in One Boerum's contract with Noble applies to Noble and its subcontractors, including Rock Group, but contains a negligence trigger. Because Rock Group's negligence, if any, has yet to be determined, summary judgment in favor of One Boerum on its contractual indemnification claim against Noble is premature (see McKinney v Empire State Dev. Corp., 217 AD3d 574, 576 [1st Dept 2023[*3]]; Nenadovic v P.T. Tenants Corp., 94 AD3d 534, 535 [1st Dept 2012]).
For similar reasons, Nordest was properly granted summary judgment dismissing One Boerum's and Rock Group's common-law indemnification and contribution claims as against it, but it also should have been granted summary judgment dismissing those claims by Noble as against it (see Correia, 259 AD2d at 65). However, Nordest should not have been granted summary judgment dismissing One Boerum's contractual indemnification claim as against it, because the indemnification agreement in Nordest's subcontract with Noble requires Nordest to indemnify Noble and One Boerum for claims "that in any way or measure are caused by, arise out of or in connection with the Work or any act or omission of [Nordest], Sub-Contractor . . . or any employee (whether directly or indirectly employed)," and plaintiff's accident arose out of his work with a sub-sub-subcontractor retained by Rock Group, who was itself retained by Nordest. Lastly, One Boerum was properly denied summary judgment on its breach of contract claim against Nordest, since One Boerum bases that claim not on Nordest's actual failure to procure insurance naming One Boerum as an additional insured, but on the failure of Nordest's insurer to provide additional insured coverage to One Boerum (see Nenadovic, 94 AD3d at 536; Garcia v Great Atl. & Pac. Tea Co., 231 AD2d 401, 402 [1st Dept 1996]; Hunt v Ciminelli-Cowper Co. Inc., 66 AD3d 1506, 1510-1511 [4th Dept 2009]).
As for Rock Group, the indemnification agreement in its sub-subcontract with Nordest contains a negligence trigger. Accordingly, One Boerum was properly denied summary judgment as against Rock Group on its contractual indemnification claim (see McKinney, 217 AD3d at 576), as well as on its common-law indemnification and contribution claims (see McCarthy, 17 NY3d at 377-378 [2011]; Correia, 259 AD2d at 65). One Boerum was also properly denied summary judgment on its breach of contract claim for failure to procure insurance, which, as with Nordest, is not predicated on Rock Group's actual failure to procure insurance naming One Boerum as an additional
insured, but on Rock Group's insurer's refusal to afford One Boerum additional insured coverage (see Garcia, 231 AD2d at 402; Hunt, 66 AD3d at 1510-1511).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2023