Lostracco v Lewiston-Porter Cent. Sch. Dist. (2024 NY Slip Op 00525)

Lostracco v Lewiston-Porter Cent. Sch. Dist.

2024 NY Slip Op 00525

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, MONTOUR, GREENWOOD, AND DELCONTE, JJ.

783 CA 22-01252

[*1]MARK LOSTRACCO, PLAINTIFF,
v
LEWISTON-PORTER CENTRAL SCHOOL DISTRICT, JAVEN CONSTRUCTION CO., INC., AND CAMPUS CONSTRUCTION MANAGEMENT GROUP, INC., DEFENDANTS. LEWISTON-PORTER CENTRAL SCHOOL DISTRICT, JAVEN CONSTRUCTION CO., INC., AND CAMPUS CONSTRUCTION MANAGEMENT GROUP, INC., THIRD-PARTY PLAINTIFFS-RESPONDENTS, 
 EMPIRE BUILDING DIAGNOSTICS, THIRD-PARTY DEFENDANT-APPELLANT. 

GOLDBERG SEGALLA LLP, BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT.
HURWITZ FINE P.C., BUFFALO (MARC A. SCHULZ OF COUNSEL), FOR THIRD-PARTY PLAINTIFFS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Niagara County (Frank A. Sedita, III, J.), entered July 28, 2022. The order, among other things, denied the motion of third-party defendant for summary judgment dismissing the third-party complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law action against defendants-third-party plaintiffs (defendants), Lewiston-Porter Central School District (District) as the owner of the property on which construction was being performed (project), Javen Construction Co., Inc. (Javen) as the general contractor, and Campus Construction Management Group, Inc. (Campus) as the construction manager, seeking to recover damages for injuries he sustained after tripping on debris located on the project site. Defendants subsequently commenced a third-party action against third-party defendant, Empire Building Diagnostics (Empire), which had subcontracted with Javen to provide demolition services on the project. Defendants asserted causes of action for contractual and common-law indemnification and breach of contract against Empire. Empire now appeals from an order that, inter alia, denied its motion for summary judgment dismissing the third-party complaint. We affirm.
Initially, Empire contends that defendants are not entitled to contractual indemnification because the accident was caused by defendants' negligence, and not by any negligence of Empire. We reject that contention. Empire's own submissions on the motion raised an issue of fact whether Empire created the dangerous condition that caused plaintiff's accident (see generally Brioso v City of Buffalo, 210 AD3d 1440, 1442 [4th Dept 2022]). Here, there was extensive deposition and General Municipal Law § 50-h testimony that the debris that plaintiff tripped over was debris from demolition done in the area where plaintiff was working and that Empire was the entity responsible for that demolition. Inasmuch as Empire failed to meet its [*2]initial burden on its motion regarding the creation of the dangerous condition, the burden never shifted to defendants on that issue, and denial of the motion with respect to the contractual indemnification cause of action "was required 'regardless of the sufficiency of the opposing papers' " (Scruton v Acro-Fab Ltd., 144 AD3d 1502, 1503 [4th Dept 2016], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see generally Brioso, 210 AD3d at 1442-1443).
Empire next contends that Supreme Court erred in denying its motion with respect to the common-law indemnification cause of action because it did not exercise control over plaintiff's work and because, even if it had been negligent, Javen would have also necessarily been negligent, thereby barring Javen from receiving common-law indemnification. "The right of common-law indemnification belongs to parties determined to be vicariously liable without proof of any negligence or active fault on their own part" (Colyer v K Mart Corp., 273 AD2d 809, 810 [4th Dept 2000]). "An owner's or contractor's general authority to coordinate the work and monitor its progress and safety conditions is not a basis for denying common-law indemnification" (id.). Rather, the "obligation of common-law indemnification runs against those parties who, by virtue of their direction and supervision over the injury-producing work, were actively at fault in bringing about the injury" (id.; see McCarthy v Turner Constr., Inc., 17 NY3d 369, 378 [2011]; Ross v Northeast Diversification, Inc., 218 AD3d 1244, 1247 [4th Dept 2023]).
Here, there is no dispute that Empire did not direct, supervise, or control plaintiff's work; rather, defendants' cause of action for common-law indemnification is based upon their assertion that Empire was negligent in failing to remove the demolition debris from the site, causing plaintiff's accident. For the reasons noted above, Empire's own submissions raised an issue of fact whether it was negligent in creating a dangerous condition by failing to remove the demolition debris. Additionally, Empire's submissions failed to demonstrate that the liability of Javen was anything but vicarious, "arising solely from [its] status as general contractor" (Niethe v Palombo, 283 AD2d 967, 968 [4th Dept 2001]). Empire failed to meet its initial burden of establishing that Javen was negligent based on a dangerous condition on the premises, i.e., that Javen had control over the work site and had created or had actual or constructive notice of the dangerous condition (see Pelonero v Sturm Roofing, LLC, 175 AD3d 1062, 1064 [4th Dept 2019]; Parkhurst v Syracuse Regional Airport Auth., 165 AD3d 1631, 1632 [4th Dept 2018]; Ozimek v Holiday Val., Inc., 83 AD3d 1414, 1416 [4th Dept 2011]).
Finally, Empire contends that the court erred in denying its motion with respect to the breach of contract cause of action because, by obtaining insurance with an automatic enrollment provision, it satisfied the requirement in its subcontract with Javen regarding adding additional insureds. We reject that contention. "Summary judgment dismissing a cause of action alleging failure to procure additional insured coverage is warranted where the movant demonstrates, prima facie, that it procured the requisite insurance" (Meadowbrook Pointe Dev. Corp. v F & G Concrete & Brick Indus., Inc., 214 AD3d 965, 969 [2d Dept 2023]; see Olivieri v Barnes & Noble, Inc., 208 AD3d 1001, 1007 [4th Dept 2022]). Empire's subcontract with Javen required that not only Javen, but the District and Campus, be named as additional insureds. The automatic-enrollment provision in Empire's insurance policy, which Empire contends proves that it complied with the additional insured requirement, made any organization an additional insured if Empire had a written contract with that organization. Inasmuch as Empire did not have any contracts with the District or Campus, the automatic-enrollment provision did not encompass those parties. Empire therefore failed to meet its initial burden on its motion of establishing that it procured the requisite insurance and thus did not breach its contract with Javen (see Clyde v Franciscan Sisters of Allegany, N.Y., Inc., 217 AD3d 1353, 1356 [4th Dept 2023]; Hunt v Ciminelli-Cowper Co., Inc., 66 AD3d 1506, 1509 [4th Dept 2009]).
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court